1833.<br>
N. American<br>
Coal Co.<br>
v.<br>
Dyett.

---

## THE NORTH AMERICAN COAL COMPANY *vs.* DYETT.

Upon an appeal from the chancellor, or a vice chancellor, it is not necessary that the appellant should himself execute the appeal bond; it is sufficient if the bond is executed by two sufficient sureties.

The time allowed for appealing from an interlocutory order, or decree, being fifteen days after notice of the same, the time does not begin to run against the party entering the order, until the actual entry thereof, although the caption of the order bears date as of a previous day.

Where the appellant draws and enters the order, he is deemed to have had notice of such order from the time it is actually entered by him.

THIS was an application to dismiss an appeal from an interlocutory order of the vice chancellor of the first circuit, for irregularity. The grounds of the application were, that the appeal bond had not been executed by the appellants, and

December 4.

1833.

N. American
Coal Co.
v.
Dyett.

that the appeal had not been brought within the fifteen days allowed by the statute for appealing from an interlocutory order. Two responsible sureties had joined in the bond, and more than fifteen days had elapsed from the date of the caption of the order appealed from, before the appeal was entered; but it appeared, by affidavits on the part of the appellants, that a delay of some days had occurred in settling the order, and that through mistake, or inadvertence, the caption of the order was made as of the day on which the decision of the vice chancellor was pronounced, and not as of the day when the order was in fact settled and entered. The appellants' solicitor, not supposing the caption to be material, had served a copy of the order on the solicitor of the adverse party, without making application for the alteration of the caption; but the appeal was perfected within fifteen days after the order was actually settled and left at the clerk's office to be entered.

*J. Blunt,* for the appellants.

*H. W. Warner,* for the respondents.

THE CHANCELLOR. The 116th rule of this court requires the bond for costs, on an appeal from the vice chancellor, to conform in all respects to the bond required by statute to be given upon an appeal from a decision of the chancellor to the court for the correction of errors. The eighteenth section of the statute, (2 *R. S.* 605,) declares that the appeal shall not be effectual, until a bond with sureties shall be given to the adverse party, and approved of by the proper officer of the court. Under this statute, it has been decided that the term sureties, in the plural, requires two or more sureties to join in the bond. The statute, however, being silent as to the appellant, it is not necessary that he should execute the bond also; and as the decree for costs on the appeal may be made against him personally, in the first instance, it can seldom be of any benefit to the respondent that he should join in the bond. Indeed, such a construction of the statute would in many cases deprive a party, against whom an interlocutory

decision was made, of the power of appealing within the time allowed by law. Under the justices' act of 1824, the supreme court decided that the appellant must join in the bond. But that decision was founded upon the express provision of the statute, that the party appealing should execute a bond with one or more sufficient sureties. (*Laws of* 1824. *Ex parte Brooks,* 7 *Cowen's Rep.* 428.)

The order is presumed to have been entered at the time it bears date ; and if the party who enters the order is required to do any particular act within a certain limited time after the making of the order, he is not permitted to say he has entered the order as of a wrong date.[a]   The time limited for appealing, in this case, however, was not from the time of making the order, but from the time when the appellant had notice of the order. (2 *R. S.* 178, § 59.)   Where the appellant himself draws up and enters the order, he has notice, in fact, of the order, at the time he so enters the same ; and it cannot be necessary for the adverse party to give him a formal notice, to limit his right of appeal.   But as he could not have had notice of the entry of an order which had not in reality been entered at the time mentioned in the caption thereof, he may be permitted to show the true time when he received such notice ; which, in this case, must have been within fifteen days of the entering and perfecting of the appeal.

This motion must therefore be denied, with costs.

(a) See *Whitney v. Belden,* ante p. 140.