RANKIN *a.* PINE.

*Supreme Court, Second District; General Term, March,* 1857.

APPEAL.—SERVICE OF CASE AND EXCEPTIONS.—NOTICE OF JUDGMENT.

An appeal cannot be dismissed for the failure of the appellant to serve a case and exceptions within the time prescribed therefor, as notwithstanding such failure, the judgment may be reversed for causes appearing upon the face of the record.

The service of written notice of a judgment or order, in order to limit the right of appeal by the expiration of thirty days (as contemplated by section 332 of the Code), is necessary even where the appeal is taken from a judgment or order entered by the appellant himself.

Motion to set aside an appeal.

In this action, which was brought by James M. Rankin against George W. Pine, a trial was had before a referee, who reported that the plaintiff was entitled to recover of the defendant $81.13 besides his costs. This sum was less than was claimed by plaintiff. On July 19, 1856, the plaintiff entered judgment upon the report, for the sum named with costs. On November 26, 1856, the plaintiff's attorney served a notice of appeal to the general term, together with a copy of the case as proposed on the part of the plaintiff. The copy of the proposed case contained the exceptions taken by plaintiff to the conclusions of fact and of law, found by the referee.

The defendant now moved to dismiss this appeal. The notice of motion stated three grounds therefor.

1. That the plaintiff did not take his exceptions to the findings of the referee within the time prescribed by law.

2. That a motion for a new trial should have been made at special term, before appealing.*

3. That the appeal was not brought within the time allowed by law for bringing such an appeal.

The question principally discussed was whether under section 332 of the Code,—providing that such an appeal " must be taken within thirty days after written notice of the judgment or order shall have been given to the party appealing,"—it is necessary where a party appeals from a judgment or order which he has himself entered, that the adverse party should serve upon him a formal written notice of such judgment or order, in order to cut off the right of appeal.

*John Owen,* for the appellant.

*W. C. Hasbrouck,* for the respondent.

By THE COURT†—BIRDSEYE, J.—The appeal cannot be dismissed, by reason of the failure of the appellant to serve his case and exceptions, within the time prescribed by the Code (§ § 268, 272) and the Rules of the Supreme Court (*Rules* 15 and 16). Whether the case or exceptions were made and served in time or not, does not affect the regularity of the appeal. On such an appeal, the judgment may be reversed for causes appearing on the face of the record, though there be no case or exceptions made. (See Brown *v.* Heacock, 9 *How. Pr. R.,* 345.‡)

The present appeal is one of those allowed by the fourth chapter of the eleventh title of the Code. By section 332 such an appeal " must be taken within thirty days after written notice of the judgment or order shall have been given to the party appealing." If the appellant has himself entered the judgment or order to be appealed from, is that notice dispensed

---

* Compare Dana *v.* Howe (3 *Kern.,* 306).

† Present, S. B. Strong, Birdseye, and Emott, JJ.

‡ See also Robinson *a.* The Hudson River Railroad Company, 3 *Ante,* 115.

with ?  Or must the opposite party, if desirous to limit the time for appealing, ascertain when the judgment or order is entered, and give a written notice to the opposite party ?  This question does not seem to have been passed upon under the Code.

By the 2 Revised Statutes, 178 (§ 59), any party complaining of any interlocutory or other order, previous to a final decree made by any vice-chancellor, might, *within fifteen days after notice of such order*, appeal therefrom to the chancellor.  In the North American Coal Company *v.* Dyett (4 *Paige*, 275), the chancellor held that where the appellant himself drew up and entered the order, he had notice in fact of the order, at the time he entered it, and that it could not be necessary for the adverse party to give him a formal notice, to limit his right of appeal.

The statute limiting the right of appeal from an interlocutory order of the chancellor was somewhat different (2 *Rev. Stats.*, 605, § 79).  Such an appeal was to be made within fifteen days after notice thereof should have been given to the party against whom such order or decree should be made, or to his solicitor. In Jenkins *v.* Wild (14 *Wend.*, 545), the Court for the Correction of Errors held that the Legislature meant by this provision a regular formal written notice.  The court intimate an opinion that if the appellant had himself entered the order appealed from, *possibly* he would be estopped (as in 4 *Paige*, 275), from alleging that he had not notice of his own acts.  But the point, not being involved in the case, was not decided.

The language of the present statute is still more broad and emphatic than that of either of the statutes above referred to.  As to both of them, it was held that *knowledge* of the order was not sufficient : there must be either a copy served or formal notice given (Eldridge *v.* Howell, 4 *Paige*, 457 ; Studwell *v.* Palmer, 5 *Ib.*, 57 ; Tyler *v.* Simmons, 6 *Ib.*, 132 ; The People *v.* Spalding, 9 *Ib.*, 607).  The only exception is that above referred to (in 4 *Paige*, 275), and that seems to be made to turn on the language of the statute.  But section 332 of the Code requires that, in order to limit the time for appealing, there shall be · " written notice of the judgment or order given to the party appealing."

These terms are wide enough to include the present case.  It cannot impose much labor or trouble on the respondent to require him to ascertain when the judgment-roll is filed, and then

to give notice of that fact to the other party. In this case, the defendant was duly notified of the time and place when and where the costs were to be adjusted and inserted in the entry of judgment. By attending at that time he could have learned every fact necessary to be stated in the notice to be given in order to limit the time for appealing.

As the right of appeal is general and positive, and as statutes of limitations, being in restraint of right, are to be construed strictly (Pease *v.* Howard, 14 *Johns.*, 480), I think the motion to dismiss the present appeal must be denied; but as the question is new, it should be without costs.