(20 Misc. Rep. 511.)

### SOMMERS v. DITMAR et al.

(Supreme Court, Special Term, New York County. June, 1897.)

REFERENCE—EXCEPTIONS TO REPORT.

> The time to serve exceptions to the report of a referee or to appeal from a judgment cannot be limited, even when the report has been filed and the judgment entered by the exceptant and appellant himself, except by service upon him of a copy of the report, with notice of filing, and a copy of the judgment, with notice of entry. Rankin v. Pine, 4 Abb. Prac. 309, followed.

Action by Isaac Sommers against Anthony J. Ditmar and others. Plaintiff moved to compel defendants' attorney to accept exceptions to referee's report and notice of appeal from interlocutory judgment. Granted.

George 'Carlton Comstock, for the motion.

Guggenheimer, Untermyer & Marshall (Moses Weinman, of counsel), opposed.

TRUAX, J. The plaintiff herein entered an interlocutory judgment herein, and served a copy of such judgment and a written notice of the entry thereof upon the attorneys for the defendants. Such judgment was entered by the plaintiff upon the report of a referee, which report they served upon defendants. More than 30 days after the entry of such judgment, but less than 30 days after entry of the final judgment, plaintiff filed exceptions to the report of the referee, and served a copy of such exceptions, and also notice of appeal from portions of said interlocutory judgment, which copy of exceptions and notice of appeal were returned by the defendants on the ground that they were not served within the time prescribed by law. The defendants never have served the report of the referee nor the judgment, with notice of entry thereof, upon the plaintiff, and it is claimed by the plaintiff that because of that fact their time to serve exceptions to the referee's report and notice of appeal from the interlocutory judgment has not expired. Section 994 of the Code of Civil Procedure provides that the exceptions to the report of a referee may be taken at any time before the expiration of 10 days after service upon the attorney for the exceptant of a copy of the report of the referee and a written

notice of the entry of the judgment thereupon; and section 1351 provides that an appeal authorized by title 4 of chapter 12 must be taken within 30 days after service upon the attorney for the appellant of a copy of the judgment or order appealed from, and a written notice of the entry thereof. If the question were a new one, it might be that I would hold that it was not necessary for the defendants herein to serve the written notices above mentioned; but the question is not a new one. It was held in Rankin v. Pine, 4 Abb. Prac. 309, by a general term of the supreme court, that the service of a written notice of a judgment or order, in order to limit the right of appeal by the expiration of 30 days, is necessary even where the appeal is taken from a judgment or order entered by the appellant himself, and that case was cited with approval by the court of appeals in Re New York Cent. & H. R. R. Co., 60 N. Y. 115. In the case last cited it was held that a party undertaking to limit the time for appealing is held to strict practice. Strict practice requires written notice. See, also, Kelly v. Shehan, 76 N. Y. 325; Kilmer v. Hathorn, 78 N. Y. 229; Good v. Daland, 119 N. Y. 153, 23 N. E. 474; Langdon v. Evans, 29 Hun, 652. It is said in 2 Enc. Pl. & Prac. 251, that:

"The requirements of such statutes are rigidly construed, and the most technical objections to the copy of the judgment or written notice served will suffice to prevent the statute running. Actual knowledge of the entry of the order on the part of the appellant, or the entry of the order by the party appealing, does not set the statute running, nor dispense with written notice."

Motion granted, with $10 costs to abide event.