(47 App. Div. 477.)

NEW ROCHELLE GAS & FUEL CO. v. VAN BENSCHOTEN.

(Supreme Court, Appellate Division, Second Department.  February 2, 1900.)

1. APPEAL—TIME OF TAKING.
      Where plaintiff recovered judgment for a sum less than that demanded in its complaint, it was necessary for defendant to serve a written notice of the judgment on plaintiff, in order to limit the right of appeal.

2. SAME—ENFORCEMENT OF JUDGMENT.
      That plaintiff had collected a judgment recovered for a sum less than that demanded in its complaint, did not prevent it from appealing for the purpose of modifying the judgment so as to increase the amount of its recovery to equal its demand.

Appeal from special term, Kings county.

Action by the New Rochelle Gas & Fuel Company against Charles G. Van Benschoten.  From an order requiring defendant to receive

plaintiff's exceptions and notice of appeal, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

William L. Snyder, for appellant.

W. H. Van Benschoten (John M. Bowers, on the brief), for respondent.

GOODRICH, P. J. The plaintiff recovered a judgment, on the report of a referee, for a sum less than that demanded in its complaint; and, the said judgment having been entered, notice thereof was served on the defendant's attorney, who admitted due service. The plaintiff issued execution, and subsequently instituted supplementary proceedings. On July 12th it filed exceptions and notice of appeal from a part of the judgment for the reason that it was not for a sufficient amount. The defendant's attorney on the same day returned the notice on the ground that plaintiff's time to appeal had expired. The plaintiff thereupon moved for an order compelling the defendant to accept the exceptions and notice of appeal. The court granted the motion, and the defendant appeals.

Two grounds for this appeal are urged,—one, that the time to appeal expired on February 17, 1899; the other, that the plaintiff had taken the benefit of its judgment, and thereby is concluded from taking any remedy inconsistent therewith.

As to the first ground, it was held in Rankin v. Pine, 4 Abb. Prac. 309, that the service of a written notice of a judgment, in order to limit the right of appeal, is necessary, even where the appeal is taken from a judgment entered by the appellant himself. The court of appeals, in Re New York Cent. & H. R. R. Co., 60 N. Y. 112, cited this case with approval; holding that, even where a party appealing from an order enters the order himself, the time is not limited, unless the prescribed notice be given, and that the party undertaking to limit the time for appeal is held to strict practice. Similar doctrine is stated in Sommers v. Ditmar (Sup.) 46 N. Y. Supp. 667.

As to the second ground, the case of moment is Monnet v. Merz (Super. N. Y.) 17 N. Y. Supp. 380, which is authority for the distinction that a party may not appeal from a judgment in toto after he has collected the amount of it, but may appeal for the purpose of modifying the judgment so as to increase the amount of his recovery to equal his demand. In Knapp v. Brown, 45 N. Y. 207, it was held (Judge Grover writing) that when it appeared that in any event the plaintiff was entitled to retain the sum received, and that the only question that could be raised on appeal was whether he was entitled to recover more, his act in demanding and recovering payment of the judgment was not inconsistent with his appeal.

It follows that the order was proper, and must be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.