CHAUNCEY KILMER et al., Trustees, etc., Respondents, *v.* HENRY H. HATHORN, THE COMMERCIAL NATIONAL BANK OF SARATOGA SPRINGS et al., Appellants.

- The notice of entry of judgment requird to be served (New Code, § 1351), in order to limit the time of appeal from a judgment entered upon the report of a referee, must be one coming from the prevailing party; no other party, nor the attorney representing another party, has the right to serve a notice for the prevailing party; and a notice so served will not, so far as he is concerned, set running the bar of the statute.

Two of three trustees brought an action, among other things, to determine the validity of claims upon the trust fund, in which action, B., a co-trustee, was made a party defendant. Judgment was entered upon the report of a referee against certain of the defendants; B. was only

affected thereby as trustee. Notice of judgment was served by plaintiff's attorney on defendants; no notice thereof was served on behalf of B. Within thirty days after such service notice of appeal, on the part of one of the defendants against whom the judgment was rendered, was served upon plaintiff's attorney; none was served upon B. Upon plaintiff's motion the appeal was dismissed. *Held*, error; that service of notice of appeal upon B. was not required; and that the notice of appeal was good as to the prevailing party, who served notice of judgment.

Also, *held*, that the notice of judgment was insufficient to limit the time to appeal, as the office address or place of business of the attorney was not stated as required by the rules. (Supreme Court Rule 2.)

(Argued June 17, 1879; decided September 17, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, dismissing the appeal of certain of the defendants from the judgment entered herein.

An action was brought by Augustus Bockes, as one of three trustees, of a mortgage executed by Henry H. Hathorn and wife, on the Congress Hall premises in Saratoga Springs. The other two trustees, John C. Hulburt and Chauncey Kilmer, declined to be plaintiffs and were made defendants. Afterwards William B. Duel was substituted as trustee in the place of John C. Hulburt. Kilmer answered the complaint, setting up, First. That the mortgage was made under an original subscription. paper, which provided that the mortgage should cover the personal property belonging to the hotel as well as the real estate, and that it should be reformed in that respect.

Second. That a large amount of coupons held by three national banks were void, because national banks were forbidden by law to purchase or hold such securities.

Third. That the said coupons were paid at least so far as the other first mortgage bondholders were concerned.

Kilmer then commenced this action (in which the new trustee, Duel, was afterwards joined as plaintiff by stipulation), making Bockes, the national banks and others claiming an interest in the trust fund parties defendant, the complaint alleged substantially the same. facts alleged in Kilmer's

answer in the first suit; asking for relief that the mortgage be reformed so as to include the personal property; that the coupons in the hands of the national banks be declared paid or void; and asking for the same relief demanded by Bockes in the first action, namely: A foreclosure and sale of the premises and the application of the proceeds to the payment of the bonds. The national banks answered, alleging the purchase of their coupons and their validity. Bockes answered, admitting the holding of the coupons by the banks, and asserting that it was claimed that they were valid and that the banks had a good title to them. The mortgagors and others demurred. The issues both of law and fact were referred, and upon the report of the referee judgment was entered overruling the demurrers and adjudging the coupons held by said banks to be paid and cancelled.

The further facts appear in the opinion.

*Esek Cowen*, for appellants. The time to appeal continued without limitation until notice of judgment was served by the prevailing party. (*Fry* v. *Bennett*, 16 How., 402.)

*Charles S. Lester*, for appellants. The notice in this case was fatally defective as a notice to limit the time to appeal, because it did not contain the office address or place of business of the attorney serving it. (Code of Civil Proc., § 1351; Rule 2, Supreme Court; *Kelly* v. *Sheehan*, 76 N. Y., 325; *Yorks* v. *Peck*, 17 How., 192.) The second suit was an independent and unnecessary action, and not a cross suit. (*Bockes* v. *Killmer*, 8 Wkly. Dig., 156; Story's Eq. Jur., §§ 395, 400, 401; *White* v. *Buloid*, 2 Paige, 164; 2 Barb. Ch. Pr., 135; *Field* v. *Schieffelin*, 7 J. Ch., 252; *Kemp* v. *Mackrell*, 3 Atk., 812; Hopkin's R., 48, 59.)

*A. Tond*, for respondents.

FOLGER, J. An order was made at General Term dismissing the appeal of certain of the defendants in this action thereto from the judgment of a referee. The defendants did not stand alike before the court. Some had answered

the complaint; some had demurred to it. But all the issues, both those of law and those of fact, were referred. The referee gave judgment against the defendants who now seek to appeal; against some of them upon a trial of the issues of fact raised by the answer; against some of them on the issues of law raised by the demurrer. There was one defendant, Augustus Bockes, as trustee, against whom in any individual interest judgment was not rendered. He was not affected by it, save as trustee, and as trustee for some of the defendants who sought to appeal.

After entry of the judgment, notice thereof was served by the attorney for the plaintiffs on the appealing defendants. No notice thereof was served on behalf of the defendant Bockes.

Within due time after the service of the notice of judgment, notice of appeal was served by these defendants upon the party who had served the notice of judgment, but no notice of appeal was served upon the defendant Bockes.

Thirty days and over having expired from the service of the notice of judgment, the plaintiff moved for a dismissal of the appeal, and obtained the order therefor.

The Code (§ 1346) provides for an appeal to the General Term, from a judgment rendered upon a trial by a referee upon questions of law or fact or both. By section 1351 that appeal must be taken within thirty days after service of notice of entry of the judgment, with copy of the judgment. Though the Code does not say so, it is plain that the notice spoken of must be one coming from a party interested in the judgment, as the party who prevailed thereby. (*Fry* v. *Bennett*, 16 How. Pr. R., 402.) Now Augustus Bockes as trustee was either a prevailing party or he was not. If he was not, then there was no need of notice of appeal to him. If he was, then as he has not served notice of judgment, he has not set running the bar of thirty days, so far as he is concerned; for no other party, nor any attorney representing another party only, had right to serve a notice for him. As he has not served notice of judgment, the time to give notice

of appeal as to him has not expired. The notice of appeal was good and the appeal was good as to those prevailing parties who served notice of judgment. We do not think that they had right to incorporate his situation in the case with their own, to the barring of the appealing defendants from their privilege of appeal.

There is another reason why the motion to dismiss should not have been granted. The notice of judgment did not show the office address or place of business of the attorney who served it. This was a failure to observe and follow the second general rule of the Supreme Court. We have held this omission fatal to the sufficiency of a notice of judgment to set in motion the short bar of section 1351 (*Kelly* v. *Shee-han*, 76 N. Y., 325.)

We quite agree with the learned General Term, that this litigation is in an extraordinary complication and confusion. We think that it would still more complicate and confuse if this judgment appealed from should be left unreviewed, while that in the other suit should run the course of appeal to a determination now unknown. And as the motion to dismiss the appeal is based upon a technicality, it may be met with a technicality, so that the whole matter in contest may be finally and at one time disposed of.

The order of the General Term dismissing the appeal should be reversed.

All concur, except CHURCH, Ch. J., taking no part.

Order reversed.