Barrett, J.
The weight of evidence is against the defendant on the question of the service of the summons. Nor is the summons void. The place of trial was sufficiently specified. The words ucity and county of New York” were always deemed sufficient in the caption of a complaint. There is no reason why they should not now answer as well in the caption of a summons. But the judgment was entered without jurisdiction and is wholly void for the want of a verified complaint or proof of the demand. The clerk entered a judgment for $4,152.21 upon a mere summons. After the order to show cause why this judgment should not be vacated (with a stay) was served upon the attorney who issued the execution, the attorney who entered the judgment obtained an ex parte order permitting a complaint to be filed nunc pro tune. This was a direct violation of the stay, and such ex parte order was very properly vacated by the learned judge who granted it, upon his attention being called to the facts. The motion to vacate the vacatur must, therefore, be denied; and the motion to vacate the judgment must be granted.
*62 It was neither necessary nor proper to serve the stay of proceedings upon the original attorneys. Their functions ceased with the entry of judgment; and the employment of a new attorney to issue execution and to enforce the judgment was a complete substitution for all practical purposes. Such new attorney was the proper person to receive motion papers to vacate the execution which he had issued and the judgment upon which such execution was founded. It follows that the service of such motion papers (with a stay) upon such new attorney was a stay of all the plaintiff’s proceedings ; and neither the plaintiff nor the'old attorneys can be permitted to evade or disregard such stays.
As, however, the plaintiff was regular up to the time of the entry of judgment, he might, upon the present judgment being vacated, proceed to enter a fresh and proper judgment. The defendant would then on special motion and on terms be permitted to appear and demand a copy of the complaint. This may now be done on the prayer for other and further relief. The defendant would be entitled to costs on the vacating of the judgment and also on the denial of the motion to vacate the order of September 20. The plaintiff would be entitled to costs on permitting the appearance. These may offset each other.
It follows that the judgment should be vacated, without costs, and the defendant have leave to appear and demand a copy of the complaint, without costs.