## LYONS v. CAHILL.

*N. Y. Superior Court, Special Term; November,* 1887.

*Undertaking ; effect of disregard of stay secured thereby.*]—The issue of an execution upon a judgment in violation of a stay of proceedings obtained by an undertaking given on an appeal therefrom, does not discharge the sureties on the undertaking from their liability, if it was done by the attorney without the knowledge or sanction of his client.[*]

Trial by the court.

This action was brought upon an undertaking given on appeal from a judgment, to stay proceedings on the judgment pending the appeal.

The defense was that, pending the appeal, and prior to the affirmance, the respondent had disregarded the stay and issued execution.

At the trial, defendant offered in evidence an execution on the judgment returned unsatisfied. This was objected to, by plaintiff's counsel on the ground that it did not appear that the execution was issued by any authority of the plaintiff; and that, without such express authority, her attorney had no power under his general retainer to release by an unlawful act her right of action against the sureties; and, nothing having been collected, there was no evidence of any ratification. No evidence was offered by defendant to meet this objection. It appeared that the attorney who issued the execution was dead.

*John Brooks Leavitt* (*Leavitt & Keith,* attorneys), for plaintiff,—Cited : Gearon *v.* Bank for Savings, 50 *Super. Ct.* (*J. & S.*) 265; S. C., 19 *Weekly Dig.* 483; Welsh *v.* Cochran, 63 *N. Y.* 181; rev'g 5 *Supm. Ct.* (*T. & C.*) 699; S. C., 2 *Hun,* 675; 20 *Am. R.* 519;

[*] Otherwise where the party is himself responsible for the ineffectualness of the undertaking. Hemmingway *v.* Poucher, 98 *N. Y.* 280.

Clark v. Woodruff, 83 *N. Y.* 518; Abridgt. S. C., 23 *Alb. L. J.* 135, and 11 *Weekly Dig.* 377; aff'g 18 *Hun*, 419; Barrett v. Third Ave. R. R., 45 *N. Y.* 628; Arthur v. Homestead Fire Ins. Co., 78 *Id.* 462, and distinguished Hemmingway v. Poucher, 98 *Id.* 281; S. C., 21 *Weekly Dig.* 166; Collins v. Ball, 31 *Hun*, 187; Manning v. Gould, 90 *N. Y.* 476; Guilleaume v. Rowe, 94 *Id.* 268.

*Charles W. Hassler* (*Hassler & Sabine*, attorneys), for the defendant,—Cited: Hemmingway v. Poucher, 98 *N. Y.* 281; Manning v. Gould, 90 *Id.* 476, 480; Guilleaume v. Rowe, 94 *Id.* 268; S.C., 48 *Super. Ct.* (*J. & S.*) 169; Welsh v. Cochran, 63 *N. Y.* 181; Poucher v. Blanchard, 86 *Id.* 256, 262; *Code Civ. Pro.* §§ 1240, 1368; Brush v. Lee, 36 *N. Y.* 49; Fishkill S. I. v. Nat. Bank, 80 *Id.* 162.

O'GORMAN, J.—[After disposing of a question as to the amount recoverable, defendant having proved some credits.] — Whether plaintiff is entitled to recover this amount from the defendant depends on the determination of the question whether the sureties, the survivor of whom is the present defendant, were relieved of responsibility on the appeal bond executed by them, because of the issue of the execution against the judgment debtor in the original action notwithstanding the stay of proceedings consequent on the filing of the bond.

There is no evidence that the plaintiff directed, authorized or sanctioned the act of the attorney who issued the execution. He had been the attorney acting for the plaintiff in the action, but his authority, strictly speaking, terminated on the entry of the judgment (Ward v. Sands, 10 *Abb. N. C.* 60, 62 *); and although in many cases the regular and lawful issue of execution on the judgment might be presumed to be authorized by the client, no such pre-

* See, as to the authority of an attorney, and the effect of service of papers by him or upon him, after judgment, 1 *Abb. New Pract.* pp. 409–416.

sumption could attach to the issue of execution not only without authority but in direct violation of a positive prohibition of law, whereby such proceeding on his part was stayed. This act was the act of the attorney, for which he alone was responsible, and the plaintiff is not estopped or deprived of any right to bring this action. The plaintiff should have judgment against the defendant for $276.74, with costs.

Judgment accordingly.