(3 Misc. Rep. 417.)

PENSA v. PENSA.

(Superior Court of New York City, General Term. May 1, 1893.)

NOTICE OF APPEAL—SUBSTITUTION OF ATTORNEY OF RECORD.

A notice of appeal, signed by an attorney who has not been formally substituted as the attorney for appellant, is insufficient, and a motion to compel the attorney of the adversary party to accept service thereof will be denied. Webb v. Milne, 10 Civil Proc. R. 27, disapproved.

Appeal from special term.

Action by Andrea B. Pensa against Teresa Pensa. Motion by defendant to compel plaintiff to accept notice of appeal denied. Defendant appeals. Affirmed.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

F. J. Keller, for appellant.
R. H. Racey, for respondent.

FREEDMAN, J. The notice of appeal from the judgment, signed by Frank J. Keller as attorney for the defendant, and all subsequent papers served by him as such attorney, having been severally returned to him by the attorney for the plaintiff, on the ground that said Keller was not the attorney of record for the defendant, and had not been substituted as such, the question presented by the appeal is whether, on the motion below, plaintiff's attorney should nevertheless have been compelled to accept service of the said pa-

pers.  An appeal from a judgment is not to be regarded as a new action or proceeding to enforce the judgment, within the meaning of the decisions to the effect that in such a case a new attorney, duly authorized for the purpose, may appear without formal substitution, but it is a proceeding in the action for the correction of errors alleged to have been committed, and to effect, if possible, the reversal of the judgment for error.  The clear weight of authority is that the appeal cannot be taken by an attorney who has not been regularly substituted in place of the attorney who appeared in the action. Shuler v. Maxwell, 38 Hun, 240, 101 N. Y. 657; Miller v. Shall, 67 Barb. 446; Thierry v. Crawford, 33 Hun, 366.  The contrary decision made at special term in Webb v. Milne, 10 Civil Proc. R. 27, should therefore be disregarded.  The conclusion already reached renders it unnecessary to consider whether the defendant was guilty of laches in making the motion.  The order should be affirmed.