CHARLES S. FAIRCHILD and Others, as Executors, etc., of MARY A. EDSON, Deceased, Respondents, *v.* MARGARET B. EDSON, Individually and as Executrix, etc., of MARMONT B. EDSON, Deceased, Appellant, Impleaded with Others.

*Appeals from judgments — time within which they must be taken as between co-defendants.*

Where, in an action against several defendants, the respective answers of the respective defendants are served upon the plaintiff only, and a single judgment is entered, in which the plaintiff has substantially prevailed, the service by the plaintiff of such judgment upon the several defendants sets running the Statute of Limitations in respect to an appeal, and one defendant cannot, after the expiration of thirty days from the time of the service upon him of a copy of the judgment, maintain an appeal as against a co-defendant.

APPEAL by the defendant, Margaret B. Edson, individually and as executrix, etc., of Marmont B. Edson, deceased, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 19th day of December, 1893, upon the decision of the court rendered after a trial at the New York Special Term, construing and determining the validity of certain provisions of the last will and testament of Mary A. Edson, deceased.

The judgment was served upon all the defendants; some appealed and others did not, among which latter was the present appellant. The appeal thus taken having been disposed of, the present appellant sought to appeal as to her co-defendants, who made a motion to dismiss the appeal.

*J. L. Cadwallader*, for the motion.

*T. Cleveland*, opposed.

PER CURIAM :

We are of the opinion that the time for the appellant to appeal has expired. More than thirty days have elapsed since the service upon her of the judgment by the prevailing party, and such appellant has taken one appeal which has been disposed of by the General Term. She now proposes to appeal as against a co-defendant, claiming that her time to take such appeal has not expired, because such co-defendant has not served upon her a copy of the judgment. We do not think that this is necessary, except in cases where cross-answers have been served as between defendants and judgment is entered in favor of one defendant against another. Where the answers are served only upon the plaintiff, and a single judgment is entered in which the plaintiff has substantially prevailed, it would seem that the service of such judgment upon all the defendants sets running the Statute of Limitations in respect to appeals. This was done in the case at bar, and it would seem, therefore, that the present appellant cannot maintain her appeal as against a co-defendant, the time for appealing generally having expired.

The case of *Kilmer* v. *Hathorn* (78 N. Y. 228) has been cited in support of the contention of the appellant herein. It is true that certain language was used by the court which gives countenance to such contention; but no question similar to the one now before the court was involved or was determined by the court in that case.

The motion should be granted, with ten dollars costs.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment modified, as directed in opinion delivered on the previous appeal.