(37 App. Div. 366.)

MAGNOLIA METAL CO. v. STERLINGWORTH RAILWAY–SUPPLY CO. et al.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

1. ATTORNEY—RETAINER TO PROSECUTE APPEAL—SUBSTITUTION.
  Under Ct. App. Rule 3 (33 N. E. iv.), providing that attorneys and guardians ad litem in the court below shall be deemed the attorneys and guardians in the appellate court until others shall be retained or appointed and notice thereof given the adverse party, a party may, for the purpose of prosecuting an appeal to the court of appeals, retain a new attorney, without procuring his substitution by the court in the place of the attorney below.

2. SAME—NOTICE OF RETAINER.
  Sufficient notice of the retainer of a new attorney to prosecute the appeal is given by the service by him on the adverse party of the notice of appeal and the undertaking to perfect the appeal.

3. SAME—AUTHORITY OF ATTORNEY BELOW.
  The authority of the attorney in the court below to act in the appellate court ceases on the retaining of a new attorney to prosecute the appeal.

Appeal from special term, New York county.

Action by the Magnolia Metal Company against the Sterlingworth Railway-Supply Company and others. From an order of the special term (56 N. Y. Supp. 478) requiring plaintiff's attorneys to accept service of a notice of appeal and of the undertaking on appeal from a judgment of the appellate division, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

George Edwin Joseph, for appellant.
B. Thompson Beach, for respondents.

BARRETT, J.   The judgment here was in favor of the plaintiff and against the defendants for $10,651.82, damages and costs.   Upon appeal therefrom to this appellate division, that judgment was affirmed, with costs.   Thereupon the defendants retained a new attorney, Mr. Alexander Thain, without procuring an order of substitution; and Mr. Thain, on their behalf, filed and served a notice of appeal to the court of appeals, and also an undertaking to perfect such appeal, and to stay the plaintiff's proceedings thereon.   This notice of appeal, together with the copy of the undertaking served upon the plaintiff's attorneys, was returned to Mr. Thain, with a notice stating that they were so returned because he was not the defendants' attorney of record in the action, and further stating that the plaintiff's attorneys declined to recognize his authority until he had been duly substituted as the defendants' attorney.   The court below, upon the defendants' motion, required the plaintiff's attorneys to accept the notice of appeal and undertaking; and we think this direction was correct.

Rule 3 of the court of appeals (33 N. E. iv.) provides as follows:

"The attorneys and guardians ad litem of the respective parties in the court below shall be deemed the attorneys and guardians of the same parties respectively, in this court, until others shall be retained or appointed, and notice thereof shall be served upon the adverse party."

Under this rule, the defendants' original attorney of record, Mr. George William Hart, was authorized to act for the defendants upon an appeal to the court of appeals until a new attorney was retained; but only until then.   Upon the retainer of Mr. Thain, Mr. Hart's authority ceased.   The rule does not require substitution by order of the court.   A party desiring to appeal might be seriously prejudiced by such a requirement.   Should a dispute arise with his existing attorney as to compensation, and should the latter decline to proceed until paid, the delay in judicially settling the dispute might last until after the time to appeal had expired; and thus the client's right of appeal might be jeopardized.   The right to appeal promptly and without incidental embarrassment or inconvenience is an important one; and this was doubtless considered in the framing of the rule.   The finality of the previous proceedings is thereby recognized, and judicious provision made for the new.   The old attorneys are, without fresh authority, deemed the attorneys of the same clients in the court of appeals.   They are, however, so "deemed" only until others are retained. The words "or appointed," which immediately follow the word "retained," refer to the guardians ad litem, who cannot be retained by the parties, but must be appointed by the court.   If it had been intended to require the action of the court in the case of attorneys as well, the word "substituted" would undoubtedly have been used, instead of "retained."   The intention plainly was, while leaving the attorneys undisturbed, in the absence of a contrary expression of desire on the part of the clients, to permit the latter freely and at pleasure to obtain other counsel upon their appeal.   The authorities which hold that a substitution is required upon appeal are all cases of an appeal from the special or trial terms to the former general term or to the present appellate division.   This rule of the court of appeals was referred to in

56 N.Y.S.—2

but one of them.    Shuler v. Maxwell, 38 Hun, 240.    Its construction and effect, however, were not presented for consideration.

It follows that as Mr. Thain was retained by the defendants, and as the papers served by him upon the plaintiff's attorneys, in our judgment, sufficiently complied with that part of the rule which requires notice of such retainer to be served upon the adverse party, the order below was properly made.    This disposition of the matter need not embarrass the plaintiff, as its attorneys seem to think it will.    Under the rule, Mr. Hart is no longer deemed the defendants' attorney, and consequently the plaintiff's attorneys cannot well be embarrassed by two attorneys claiming the right to appear for their adversaries upon the same appeal.

The order appealed from should therefore be affirmed, with $10 costs and the disbursements of this appeal.    All concur.