(47 App. Div. 191.)

## McGRUER v. ABBOTT.

(Supreme Court, Appellate Division, Third Department.   January 16, 1900.)

APPEAL—TIME OF TAKING—SERVICE OF ORDER APPEALED FROM.

Code Civ. Proc. § 1351, provides that an appeal "must be taken within 30 days after service upon the attorney for the appellant of a copy of the order appealed from," etc.   *Held*, that the 30-days limitation is not started by the defeated party under an order denying a motion for a new trial, serving a copy thereof on the prevailing party, but does not begin to run until service has been made by the prevailing party on the defeated party.

Appeal from trial term, Albany county.

Action by John McGruer against Vasco P. Abbott. Motion by defendant to dismiss an appeal from an order denying a new trial. Denied.

A motion is made by respondent to dismiss an appeal from an order denying a motion for a new trial made upon the minutes, as provided by section 999 of the Code. The verdict of the jury was in favor of defendant, and motion for a new trial at the same term was made by plaintiff, and it was denied. The order was procured by plaintiff's attorney and entered by him, and on the 21st day of January, 1899, he served a copy of the order, with notice of its entry, on defendant's attorney, and procured from him a written admission of service. The defendant thereafter served a copy of the judgment, with notice of its entry, upon the attorney for plaintiff, but did not serve a copy of the order denying the motion for a new trial, with notice of its entry. Thereafter, and in March, 1899, the plaintiff served a notice of appeal from the judgment, but did not state in his notice that he appealed from, or intended to bring up for review, the order denying the motion for a new trial. In December, 1899, the plaintiff served a notice of appeal from this order, and this motion is to dismiss that appeal.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Edwin Countryman, for appellant.

Vasco P. Abbott, pro se.

KELLOGG, J.   It is the contention of the respondent that the appellant's attorney having procured and entered the order denying the motion for a new trial, and having served upon respondent's attorney a copy of the order, with a notice of its entry, and received a written admission of its service, the appellant himself thereby started the 30-day limitation for appeals, and, the 30 days having expired, the right to appeal is cut off. If respondent is right, then this motion to dismiss should prevail. I think, however, that the learned counsel for respondent is in error in his construction of section 1351 of the Code, which prescribes in what way the time to appeal may be limited:

"An appeal authorized by this title must be taken within thirty days after service upon the attorney for the appellant of a copy of the judgment or order appealed from, and a written notice of the entry thereof."

How strictly the courts have construed this section is seen in Kilmer v. Hathorn, 78 N. Y. 228; Kelly v. Sheehan, 76 N. Y. 325; Fortsmann v. Shulting, 107 N. Y. 644, 14 N. E. 190.

If the prevailing party wishes to take advantage of this short bar, and end further litigation, it is optional with him, but he can

do so only in the way here pointed out. He is not at liberty to adopt any service of papers by his adversary as a substitute for the service in this section required. The service made by his adversary is not upon the appellant, but upon the respondent, and a written admission of such service by respondent adds nothing to it. Obviously, such service by the appellant was not made to start the time running against himself. The service, when made as prescribed by this section,—by the prevailing party upon the defeated party,—is a declaration by the prevailing party to his adversary that he intends to invoke the aid of this short bar, and unless an appeal is taken within 30 days it cannot be taken at all. The cases of Coal Co. v. Dyett, 4 Paige, 275, and Jenkins v. Wild, 14 Wend. 545, to which our attention is called by respondent, were cases in the chancery court giving effect to provisions of the Revised Statutes materially differing from the Code provisions, and are inapplicable here. The case of Piper v. Van Buren, 27 Hun, 385, assumed that the time for appeal from the order had expired, and the motion there was, on that assumption, to amend the notice of appeal from the judgment. The precise question presented here does not seem to have been discussed or passed upon in the case last cited, though it must be conceded that what is asserted in the opinion there expressed, bears upon this question. In Kilmer v. Hathorn, 78 N. Y. 231, it is said:

"Though the Code does not say so, it is plain that the notice spoken of must be one coming from a party interested in the judgment, as the party who prevailed thereby."

If the only purpose of the notice is to convey to the defeated party knowledge of his defeat, and the extent of it, then it might be reasonably urged that, the defeated party having procured and entered and served the order and notice, he was fully advised of its contents, and service by the prevailing party would be useless; but such is not the sole purpose of the section. Its chief purpose is to point out a way to the prevailing party,—a way to end the litigation; and, if he chooses to adopt it, he may limit his adversary to 30 days in which to appeal.

The motion should be denied, with $10 costs. All concur.