(115 App. Div. 185)

SMITH v. HAVENS RELIEF FUND SOCIETY et al.

(Supreme Court, Appellate Division, First Department. October 19, 1906.)

APPEAL—NOTICE—SERVICE ON PART OF ADVERSE PARTIES—DISMISSAL.

Under Code Civ. Proc. § 1303, providing that where appellant seasonably serves notice of appeal on the clerk or the adverse party, or his attorney, but omits by mistake to serve it on the other, the court may permit the omission to be supplied, an appeal, in an action by an executor for construction of a will, from the judgment holding it valid, by the

defendants, who contended it was invalid, will not be dismissed, because appellants served the notice of appeal only on plaintiff, the clerk and such of those defendants, who contended the will was valid, as served on appellants' notice of entry of judgment, but appellants will be allowed to make the service on such other parties.

Appeal from Special Term.

Action by Isaac P. Smith, as executor, against the Havens Relief Fund Society and others. From the judgment, certain defendants appealed. Plaintiff moves to dismiss appeal. Denied on conditions.

See 90 N. Y. Supp. 168.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Arthur M. Silber, for the motion.

Clark & Veeder, opposed.

O'BRIEN, P. J. This action was brought by the plaintiff, as executor, to obtain a construction of a will and an accounting; and the defendants, having adverse interest, answered, some claiming that the will was invalid, and others that it was valid. The latter was the view sustained by the Special Term in construing the provisions of the will, and directing an accounting. From that judgment the appellants served notice of appeal upon the plaintiff, the county clerk, and such of the defendants as had served notice of entry of judgment on them. It is insisted however that the appeal should be dismissed, because the appellants omitted to serve notice of appeal upon the other defendants; and the question therefore presented upon this motion is whether the effect of this omission is to place the appellants in default, and entitle the plaintiff on this motion to have the appeal dismissed. It is contended that the plaintiff, as to whom the appeal was perfected, was not in a position to make the motion. But assuming that he had that right we are brought to the merits, and this involves a determination as to whether the failure to serve the notice of appeal upon all the codefendants entitled the plaintiff to a dismissal of the appeal.

We agree with the plaintiff respondent that, with respect to the codefendants who are contending for the validity of the will, they were, as to the defendant appellants, adverse parties, and therefore it was the duty of the appellants, if those defendants had set the time running, to serve the notice of appeal upon them. But they did not serve notice of entry of judgment upon the appellants, and therefore they did not set the time running within which the appealing defendants, as to them, must serve notice of appeal. The case of West v. Place, 80 Hun, 256, 30 N. Y. Supp. 14, is an authority for the proposition that:

"An appeal * * * must be dismissed * * * where the notice of appeal was not served upon the parties to the action, who are adverse to the appellants, and whose interests are opposed to theirs on the appeal, when an appeal as to such adverse parties in necessary to a complete and proper determination of the appeal, and when the time has expired within which to appeal."

But in that case in which this rule was enunciated it appeared that the adverse parties had served "proper written notice of the entry of the decree upon the appellants."

The precise question presented here as to the right to dismiss an appeal because of the failure to serve adverse defendants was considered in Kilmer v. Hathorn, 78 N. Y. 228, wherein it appeared that one of several codefendants neglected to serve notice of entry of judgment, and notice of appeal was served by the other defendants upon the plaintiff only; and the plaintiff moved to dismiss the appeal. The court held that:

"The notice of appeal was good, and the appeal was good as to those prevailing parties who had served notice of judgment."

However, authorities are unnecessary in view of the provisions of section 1303 of the Code of Civil Procedure which reads:

"Where the appellant, seasonably and in good faith, serves the notice of appeal, either upon the clerk or upon the adverse party, or his attorney, but omits, through mistake, inadvertence or excusable neglect, to serve it upon the other, or to do any other act, necessary to perfect the appeal, or to stay the execution or the judgment or order appealed from, the court * * * may * * * permit the omission to be supplied."

It will be seen, therefore, that the appellants having served their notice of appeal on the plaintiff, and the county clerk, have placed this court in a position where it has jurisdiction, and therefore, as it would not be disposed under the circumstances to dismiss the appeal, the only question remaining is as to the conditions which should be imposed upon the appellants for their neglect to serve notice of appeal upon their adverse codefendants. As to them, the appellants were not in default, and unless such defendants should serve notice of entry of judgment, time would never commence within which the appellants would be obliged to appeal. But we think that the plaintiff has a right to insist that the appellants shall proceed with their appeal. We have not overlooked the contention that the legal effect of the appellants having obtained and had inserted in the judgment taxable costs and allowances deprived them of their right to appeal; but we do not think that this position can be sustained.

We think that, under the circumstances, the proper disposition to make will be to deny this motion, without costs, upon condition that the appellants, within 10 days, serve their notice of appeal on the other defendants, respondents, notwithstanding the fact that they did not serve notice of entry of judgment, because, as to the plaintiff, we think the defendants, appellants, should use some diligence, to the end that this appeal may be seasonably brought on for hearing. All concur.