MORRIS SLEPIN, Plaintiff, *v.* MAURICE BECK, Defendant.

(Supreme Court, New York Special Term, February, 1914.)

Appeal — from a judgment — attorney employed to prosecute may serve notice of appeal.

An attorney employed to prosecute an appeal from a judgment may serve the notice of appeal.

MOTION to require the acceptance of a notice of appeal.

Henry A. Davidow, for motion.

Charles H. Broas, opposed.

GIEGERICH, J. Judgment was recovered in this action against the defendant, who appeared and was represented in the action and upon the trial by an attorney other than the attorney who appears for him upon this motion. After judgment the defendant retained the attorney who now appears for him, and such attorney served a notice of appeal upon the attorney for the plaintiff, who returned it upon the ground that no order of substitution had been entered, which is admittedly the fact. The defendant now moves to require the plaintiff's attorney to accept service of the notice. There can be no doubt that except for certain limited purposes the authority of an attorney, derived from his original retainer in a cause, ceases with the entry of judgment therein. *Cruikshank* v. *Goodwin,* 20 N. Y. Supp. 757; *Davis* v. *Solomon,* 25 Misc. Rep. 695; *Lusk* v. *Hastings,* 1 Hill, 656; *Moore* v. *Taylor,* 40 Hun, 36; *Commercial Bank* v. *Foltz,* 13 App. Div. 603. It would certainly be a surprise to the profession, and perhaps a greater surprise to their clients, to be told that an attorney by virtue of his original retainer to prosecute or defend an action had authority to take and prosecute an appeal from the judgment rendered in the action. Of course he has no such authority, although if he assumed to exercise it his client might, for reasons of public policy and justice, be bound by his action in so far as third persons were concerned. *Brown* v. *Nichols,* 42 N. Y. 26. His authority would, of course, be presumed in such a case as in any other in which an attorney-at-law undertakes to appear for another. If therefore the attorney originally retained has no authority by virtue of such retainer to prosecute an appeal from the judgment, I can see no reason why the client may not retain another attorney for that purpose and why he may not act upon such retainer. No question of substitution

Supreme Court, February, 1914.    [Vol. 84.

is involved. The second attorney is not substituted for the first, but is retained for a new and different employment. Chancellor Walworth in *McLaren* v. *Charrier*, 5 Paige, 530, 534, had no doubt as to the right of an appellant to retain a new solicitor to prosecute an appeal in chancery, and the practical reasons for permitting a new retainer without first requiring an order of substitution are shown in *Magnolia Metal Co.* v. *Sterlingworth R. S. Co.*, 37 App. Div. 366, 367. The contrary conclusion reached by the General Term of the Third Department in *Shuler* v. *Maxwell*, 38 Hun, 240, was not necessary to the decision in that case, since it appears by the report that the appellant was in no way affected by the judgment from which she appealed. The opinion expressed in that case, as well as the decision in *Pensa* v. *Pensa*, 3 Misc. Rep. 417, must, I think, be regarded as in conflict with the decision of the General Term in this department in *Cruikshank* v. *Goodwin* (*supra*) and as erroneous. The motion is granted, but without costs.

Motion granted, without costs.