Title Guaranty and Trust Company, as Trustee for the Benefit of the Holders of General Mortgage Gold Bonds Secured by a Mortgage or Deed of Trust Executed by the Uniform Fibrous Talc Company, Plaintiff, *v.* Uniform Fibrous Talc Company and Others, Defendants.

Supreme Court, St. Lawrence County, April 27, 1926

**Appeal — limitation — Civil Practice Act, § 612, limits time within which appeal may be taken to Appellate Division — court or judge precluded from extending time to appeal by Civil Practice Act, § 99, subd. 1 — defendants' attorney of record died seven days after notice of entry of judgment was made by plaintiff — defendant cannot compel plaintiff to accept service of notice of exceptions and notice of appeal from judgment duly entered five months previously — Civil Practice Act, § 240, does not relieve defendant — codefendant failed to serve copy of judgment and entry of notice thereof on defendant, though each served cross-answers — codefendant required to accept notice of appeal — defendant properly changed attorneys.**

Section 612 of the Civil Practice Act limits the time within which an appeal may be taken to the Appellate Division to thirty days after the service by the attorney of the appellant of a copy of the judgment or order appealed from and a written notice of entry thereof. Subdivision 1 of section 99 of the Civil Practice Act bars a court or judge from extending the time fixed by law within which to take an appeal.

Accordingly, the defendant, against whom and another defendant, plaintiff entered a judgment on August 10, 1925, and on the same day served by mail on the attorney for each a copy of the decision and judgment with due notice of entry thereof, may not compel said plaintiff to receive and accept notice of exceptions and notice of appeal of said defendant served by it on the 21st day of January, 1926, which plaintiff returned as untimely, notwithstanding the fact that defendants' attorney of record died seven days after the service of notice of entry of the judgment, and that defendants first learned of the decision rendered in the action on January 19, 1926.

Section 240 of the Civil Practice Act, providing that if an attorney dies no further proceedings shall be taken in the action against the party for whom he appeared until thirty days after notice to appoint another attorney has been given to that party, does not relieve the defendant herein for the reason that it refers to proceedings to be taken in the action by the opposing party; in this instance, so far as an appeal is concerned, there were no proceedings to be taken.

However, the codefendant herein must accept notice of the exceptions and the

notice of appeal where service of a copy of the judgment has not as yet been made on defendant by said codefendant, notwithstanding the fact that cross-answers were served by both defendants on each other, since service of the copy of the judgment and notice of entry thereof by plaintiff did not operate on behalf of the codefendant to set running the bar of the statute against the defendant.

Nor may said codefendant question defendant's right to change attorneys without an order of substitution, since he has nothing to lose by the change.

Motion for an order requiring the plaintiff, Title Guaranty and Trust Company, and the defendant Frederick A. Stoughton to receive and accept notice of exceptions and notice of appeal of the defendant Frank N. Freeman heretofore served upon them and by them returned as untimely.

*Spratt & Van Kennen* [*George E. Van Kennen* of counsel], for the plaintiff.

*Purcell, Cullen & Pitcher* [*Francis E. Cullen* of counsel], for the defendant Frank N. Freeman.

*Andrew J. Hanmer*, for the defendant Frederick A. Stoughton.

Smith, J. The judgment in the above-entitled action was entered in the St. Lawrence county clerk's office on or about August 10, 1925, and on the same day a copy of the decision and of the judgment, with due notice of entry thereof, was served upon the attorneys for each of the defendants, by mail; the attorney for the defendant Frank N. Freeman, at the time, was Earl Bancroft; no question is raised as to the regularity of the entry of the judgment or of the service of a copy and notice of entry thereof.

On the 14th of August, 1925, Mr. Bancroft was taken suddenly ill, and on the 17th of August, 1925, he died. The defendant Frank N. Freeman on or about the 19th day of January, 1926, first learned of the decision rendered in the above-entitled action and that a judgment based thereon had been entered, and on the 20th day of January, 1926, through his attorneys, Purcell, Cullen & Pitcher, prepared exceptions to the decision and notice of appeal to the Appellate Division, Third Department, from the judgment entered thereon, and on the 21st day of January, 1926, filed said exceptions and notice of appeal in the office of the county clerk of St. Lawrence county, and served by mail a copy of said exceptions, with notice of entry thereon indorsed, and also a copy of said notice of appeal, upon the attorneys for the plaintiff and the attorney for the defendant Frederick A. Stoughton. On the 25th day of January, 1926, he received from the attorneys for the plaintiff, and on the 26th day of January, 1926, from the attorney for the defendant Stoughton, the above notice of exceptions and notice of

appeal, with notice that the same were returned because not served in time.

The instant motion is to compel the plaintiff and the said defendant Frederick A. Stoughton to accept said notices of exceptions and of appeal.

Section 612 of the Civil Practice Act (as amd. by Laws of 1921, chap. 372) limits the time within which an appeal may be taken to the Appellate Division to thirty days after service upon the attorney for the appellant of a copy of the judgment or order appealed from and a written notice of entry thereof. Subdivision 1 of section 99 of the Civil Practice Act provides that a court or a judge is not authorized to extend the time fixed by law within which to take an appeal.

As to the plaintiff, the time of the defendant Freeman to appeal was limited by the service by it upon his then attorney, Earl Bancroft, now deceased, of a copy of the judgment with notice of entry thereof. The right of appeal is a statutory right, and the limitations upon such right are prescribed by statute and as above noted; the statute also provides that the court has no power to extend the time within which to appeal when by proper action a party has set running the time.

Subdivision 2 of section 99 of the Civil Practice Act provides that where a party entitled to appeal from a judgment or order dies before the expiration of the time within which the appeal may be taken, the court may allow the appeal to be taken by an heir, devisee or personal representative of the decedent at any time within four months after his death.

Section 563 of the Civil Practice Act provides for the event of the death of the attorney for a successful party, but no provision seems to have been made to cover the contingency of the death of an attorney for a defeated party.

Section 240 of the Civil Practice Act provides: " If an attorney dies, * * * no further proceeding shall be taken in the action against the party for whom he appeared until thirty days after notice to appoint another attorney has been given to that party either personally or in such manner as the court directs." This section does not relieve the defendant herein, for the reason that it refers to proceedings to be taken in the action by the opposing party. In this instance, so far as an appeal is concerned, there were no proceedings to be taken; a copy of the judgment and notice of entry thereof had been served upon said defendant's attorney prior to his death, and by such act the time within which an appeal might have been taken was set running, not by reason of any act of the attorneys for other parties, but by reason of the

provision of the statute itself. If Mr. Bancroft had died before the service upon him of the judgment and notice of entry thereof, this provision would have been applicable.

The circumstances in the instant case are unusual, and the motion would be granted provided there was any power in the court to grant it. While the occasion is very rare where such a contingency arises as is revealed by the moving papers herein, and no doubt a situation exists calling for legislative relief, I am bound by the statute and the uniform ruling of the courts of this State to deny the motion so far as it applies to the plaintiff herein. (*Wait* v. *Van Allen*, 22 N. Y. 318; *People ex rel. Faile* v. *Ferris*, 76 id. 326; *Clapp* v. *Hawley*, 97 id. 610; *Guarantee Trust & Safe Deposit Co.* v. *Philadelphia, Reading & N. E. R. R. Co.*, 160 id. 1.)

A different situation, however, exists as to the defendant Frederick A. Stoughton. It appears in the moving papers that cross-answers were served upon each other by the defendants Freeman and Stoughton, and that the defendant Stoughton has not served upon the defendant Freeman a copy of the judgment or notice of entry thereof. While the service of a copy of the judgment and notice of entry thereof by the plaintiff was effectual to limit the time of the defendant to appeal from the judgment on behalf of the plaintiff (Civ. Prac. Act, § 612), such service is not effectual to limit the time within which the defendants as between themselves may appeal, where, as here, cross-answers have been served, to the extent hereinafter noted. In so far as the defendant Stoughton was a prevailing party as against the defendant Freeman, the service of the copy of judgment and notice of entry thereof by the plaintiff did not operate on behalf of defendant Stoughton to set running the bar of the statute as against the defendant Freeman. (*Kilmer* v. *Hathorn*, 78 N. Y. 228; *Fairchild* v. *Edson*, 81 Hun, 80; affd., 144 N. Y. 645.) Section 264 of the Civil Practice Act provides for service of cross-answers by defendants, and that the controversy between defendants shall not delay judgment to which a plaintiff is entitled.

If the defendant Stoughton desired to set running the time within which an appeal might be taken as against him by the defendant Freeman from the judgment upon the issues raised by the cross-answers as between them, and as to which, as against said defendant Freeman, he was a prevailing party, he should have served a copy of the judgment, with notice of entry thereof, upon the defendant Freeman or his attorney; and as to him the time within which to appeal has not expired and the order sought by the defendant Freeman on this motion should be granted,

MATTER OF JACKSON. **187**

Misc. 187]    Surrogate's Court, New York County, April, 1926.       .

Objection is made by the defendant Stoughton to the hearing of the motion on the ground that no order has been procured substituting the attorneys for the defendant Freeman appearing on this motion in the place of Earl Bancroft, deceased.   The objection is without merit.   Rule 56 of the Rules of Civil Practice provides that an attorney may be changed by the order of the court or a judge thereof on consent of the party and the attorney or an application of the party or attorney, on notice, and on such terms as shall be just.   This rule is designed to protect attorneys on account of their charges for legal services, and also to insure to an opposing party that an attorney assuming to act for a party is authorized to do so, to the end that such party may know upon whom necessary notices or papers may be served.

A client has an absolute right to change his attorney, for cause or otherwise, subject only to the proper protection of his attorney's interests.   In the instant case the attorney for the defendant Freeman is dead; no question as to the interests of his estate in this action is here involved; in no event is the defendant Stoughton in a position to raise such a question.   A party, after a judgment, should have the right to change attorneys if he sees fit; if this were not so, very serious situations might arise with respect to appeals, in which a defeated party might lose very substantial rights.   At least this right should not be questioned by another party who in no event would have anything to lose.   (*Davis* v. *Solomon*, 25 Misc. 695; *Ward* v. *Sands*, 10 Abb. N. C. 60; *Magnolia Co.* v. *Sterlingworth Co.*, 37 App. Div. 366; *Slepin* v. *Beck*, 84 Misc. 254, and cases cited.)

The motion, in so far as it relates to the plaintiff, is denied, with ten dollars costs to the plaintiff.   The motion, in so far as it relates to the defendant Frederick A. Stoughton, is granted, with ten dollars costs to abide the event.

Ordered accordingly.