In the Matter of the Estate of LEONID TONKONOGOFF, Deceased.

Surrogate's Court, New York County, April 3, 1943.

*Harris Jay Griston* for Michael P. Kosolapoff, for motion.

*White & Case* for Henry L. deGive, as ancillary administrator, opposed.

DELEHANTY, S. A claimant against the estate of deceased was represented originally by Milton Levin, as attorney. His claim was dismissed after a hearing before the court and a decree of dismissal was thereafter entered. Later, the claimant, acting for himself, made a motion for a new trial and in due course such motion was denied by order of this court filed February 23, 1943. A copy of this order denying the application for a new trial was served upon the claimant personally by the successful estate representative. Thereafter the claimant retained another attorney who subscribed a notice of appeal from the order denying the application for a new trial. The estate representative returned this notice of appeal on the ground that the new attorney had no authority to appear for

the claimant. The question presented is whether or not the claimant might retain a new attorney without formal substitution of the old. The court holds that he had that right and that the notice of appeal should have been accepted. It was effectively served and the reason for its return was wholly insufficient.

The authority of the attorney who first appeared for the claimant terminated with the decree originally made. The procedure of the claimant in his own behalf on the application for a rehearing was entirely correct. Equally so was it correct for him to serve a notice of appeal subscribed by a new attorney. (*Magnolia Metal Co.* v. *Sterlingworth Ry. Co.*, 37 App. Div. 366; *Davis* v. *Solomon*, 25 Misc. 695; *Slepin* v. *Beck*, 84 Misc. 254; *Title Guaranty & Trust Co.* v. *Uniform Fibrous Talc Co.*, 127 Misc. 183, 187.)

Submit, on notice, order validating the service heretofore made of the notice of appeal.