MICHAEL NAFTAL, Respondent, *v.* HUGH S. JARVIS, Appellant.

First Department, November 3, 1922.

Appeal — limitation of time to appeal to Appellate Division — time commences to run on entry of judgment by appellant — Civil Practice Act, § 612, construed and applied — rules stated as to when time to appeal commences to run.

Under section 612 of the Civil Practice Act, the plaintiff's time to appeal to the Appellate Division commences to run on the day that he enters judgment, and a notice of appeal served by him thirty-one days thereafter is not served within time, though it was served within thirty days from the date on which he served a copy of the judgment with notice of entry on defendant's attorneys.

The following rules indicate the procedure outlined by section 612 of the Civil Practice Act:

(1) The party entering a judgment must serve a copy thereof, with notice of entry, upon his adversary, to start the latter's time to appeal running.

(2) The party entering a judgment thereby starts his own time to appeal running, and no further notice to him is required to effect the same.

(3) If the party entering should fail to give notice of entry thereof, and the other party for any reason should himself serve upon his adversary such notice of entry, the date of such service will start running the time to appeal of the party serving the notice.

APPEAL by the defendant, Hugh S. Jarvis, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of August, 1922, granting plaintiff's motion to compel defendant to accept a notice of appeal from a judgment herein.

*McCombs & Ryan* [*Samuel A. Adamson* of counsel], for the appellant.

*Richard J. Mackey* of counsel, for the respondent.

DOWLING, J.:

This action was brought to recover on two alleged causes of action, both based on promissory notes whereon defendant was an indorser.

Upon the trial plaintiff obtained a verdict in his favor in the sum of $7,520.06 upon the first cause of action, but his second cause of action for $5,000 was dismissed by the trial court for failure of proof. In accordance with this result judgment was entered on June 24, 1922, by plaintiff's attorney. On June 26, 1922, a copy of said judgment, with notice of entry thereof, was served by plaintiff's attorney on defendant's attorneys. On July 25, 1922, plaintiff's attorney served on defendant's attorneys a notice of appeal from so much of said judgment as dismissed the

second cause of action. Defendant's attorneys refused to accept the notice of appeal on the ground that it was not served within the time required by section 612 of the Civil Practice Act.

The day on which the notice of appeal was served was less than thirty days after the service of the copy of the judgment with notice of entry, but it was thirty-one days after the entry of the judgment by plaintiff's attorney, who sought to take the appeal. The question presented is from which of these two dates the time to appeal begins to run.

Under the provisions of section 1351 of the Code of Civil Procedure the time for plaintiff to appeal from the judgment his attorney had entered would not have expired until he had been served by defendant's attorneys with a copy of the judgment and notice of entry, even though plaintiff had limited defendant's time to appeal by having served on the latter a copy of the judgment with notice of entry. (*New Rochelle Gas Co.* v. *Van Benschoten,* 47 App. Div. 477.)

But section 612 of the Civil Practice Act reads as follows: " An appeal to the Appellate Division of the Supreme Court, except as otherwise provided by statute, must be taken within thirty days after service upon the attorney for the appellant of a copy of the judgment or order appealed from and a written notice of the entry thereof, except that the party entering the judgment or order, or serving the notice of the entry thereof, shall not be entitled to further notice to limit his time to appeal."

The exception made is evidently for the purpose of ending the seeming anomaly under the Code that a party entering a judgment should be required to be served with a copy thereof by his adversary before his time to appeal began to run from a judgment which he himself had entered.

Under these provisions of the Civil Practice Act the following procedure is indicated:

(1) The party entering a judgment must serve a copy thereof, with notice of entry, upon his adversary, to start the latter's time to appeal running.

(2) The party entering a judgment thereby starts his own time to appeal running, and no further notice to him is required to effect the same.

(3) If the party entering the judgment should fail to give notice of entry thereof, and the other party for any reason should himself serve upon his adversary such notice of entry, the date of such service will start running the time to appeal of the party serving the notice.

This construction of section 612 of the Civil Practice Act assimi-

lates its provisions to the corresponding terms of the Surrogate's Court Act (§ 293) regulating appeals.

In the present case, as plaintiff's attorney did not serve his notice of appeal until thirty-one days after he had entered judgment, his time to appeal had expired, and defendant's attorney should not be compelled to accept the same.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.