THE CORPORATION OF FREDERICK SCHOLES, Appellant, *v.* THEODORE FICKE WAREHOUSES, INC., Respondent.

Second Department, January 25, 1923.

Appeal — time to appeal to Appellate Division under Civil Practice Act, § 612 — time to appeal begins to run from day on which record shows that party had knowledge of adverse order or judgment.

The time within which a party may appeal to the Appellate Division, under section 612 of the Civil Practice Act, begins to run from the day on which the record shows he had knowledge of the adverse order or judgment, whether by service upon him of a copy thereof with notice of entry or because the record shows that the appellant in fact filed or entered the order.

Accordingly, where an order denying cross motions for judgment on the pleadings was entered on November 1, 1922, but contained no statement that it was

granted or entered on the motion of either the attorney for the plaintiff or the attorney for the defendant, and there is nothing upon the face of the paper itself to show that the order was entered by the plaintiff, a notice of appeal served by the plaintiff on December 4, 1922, is served in time, where it appears that the attorney for the plaintiff served a copy of the order with notice of entry upon defendant's attorney on November 4, 1922.

APPEAL by the plaintiff, The Corporation of Frederick Scholes, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 26th day of December, 1922, denying its motion to compel defendant's attorneys to accept a notice of appeal served on them on behalf of the plaintiff.

*Fred L. Gross* [*Louis C. Wills* with him on the brief], for the appellant.

*Henry D. Merchant,* for the respondent.

KELLY, P. J.:

The plaintiff moved for judgment upon the pleadings under the Rules of Civil Practice, rules 112, 113 and 114, and defendant made a cross motion for similar relief. Both motions were denied by the Special Term. On November 1, 1922, an order was entered in the office of the clerk denying both motions, but containing no statement that it was granted or entered on motion of either the attorney for the plaintiff or the attorney for defendant; nor is there anything in the printed papers to show that the order was entered by the plaintiff. On November 4, 1922, the attorney for the plaintiff served a copy of the order with notice of entry upon the defendant's attorney, and on December 4, 1922, served a notice of appeal from so much of the order as denied plaintiff's motion. The notice of appeal was served within thirty days from the date of service of the order with notice of entry upon defendant's attorneys, but thirty-three days after the actual filing and entry of the order in the county clerk's office. The attorneys for defendant refused to receive the notice of appeal upon the ground that it was not served in time; plaintiff moved for an order compelling the acceptance of the notice of appeal. The learned justice at Special Term denied the motion upon the authority of *Naftal* v. *Jarvis* (203 App. Div. 75).

It is provided in the Civil Practice Act:

" § 612. Limitation of time to appeal. An appeal to the Appellate Division of the Supreme Court, except as otherwise provided by statute, must be taken within thirty days after service upon the attorney for the appellant of a copy of the judgment or order appealed from and a written notice of the entry thereof except that

the party entering the judgment or order, or serving the notice of the entry thereof, shall not be entitled to further notice to limit his time to appeal." (As amd. by Laws of 1921, chap. 372.)

This court in the First Department has construed this section in the case cited by the learned Special Term justice, and has held that the following procedure is indicated:

" (1) The party entering a judgment must serve a copy thereof, with notice of entry, upon his adversary, to start the latter's time to appeal running.

" (2) The party entering a judgment thereby starts his own time to appeal running, and no further notice to him is required to effect the same.

" (3) If the party entering the judgment should fail to give notice of entry thereof, and the other party for any reason should himself serve upon his adversary such notice of entry, the date of such service will start running the time to appeal of the party serving the notice."

While we differ from our brethren in the First Department in the interpretation of this section and think that when the unsuccessful party enters the order or judgment his time to appeal runs from the date of his service of the order or judgment with notice of entry, still, for reasons of comity and to avoid any difference in opinion between the departments upon a question of practice, we would follow the decision in *Naftal* v. *Jarvis* (*supra*) were it not that the situation presented in the case at bar is, in our opinion, different from the case cited. Applying the rule laid down in the First Department, we think that the time within which a party may appeal begins to run from the day on which the record shows he had knowledge of the adverse order or judgment, whether by service upon him of a copy thereof with notice of entry or because the record shows that appellant in fact filed or entered the order. But the order denying plaintiff's motion for judgment in the case at bar does not recite that it was made upon motion of the plaintiff's attorneys; there is no evidence upon the face of the order itself that plaintiff served or filed the order, and so far as appears from the order, the first time that plaintiff had knowledge of its existence was the day upon which he served a copy upon defendant's attorneys with notice of entry. There is no inference on the face of the papers that he entered an order denying his own motion, and while we have no right to extend plaintiff's time to appeal, we think in construing the statute we should not indulge in any inference or presumption which would deny him the right to appeal which he has apparently in good faith endeavored to exercise.

The order denying plaintiff's motion to compel acceptance of

notice of appeal should be reversed upon the law and the facts, without costs, and the motion granted, without costs.

RICH, JAYCOX, MANNING and YOUNG, JJ., concur.

Order denying plaintiff's motion to compel acceptance of notice of appeal reversed upon the law and the facts, without costs, and motion granted, without costs.