George A. Moore & Co., Respondent, *v.* Alfred Heymann, Appellant.

First Department, December 14, 1923.

Appeal — time to appeal to Appellate Division — fact that order signed was prepared by defendant does not start time to appeal running under Civil Practice Act, § 612 — entry by clerk without application does not start time running — pleadings — supplemental summons to bring in additional defendant — affidavit is insufficient to sustain order granting motion.

The fact that the defendant submitted the order which was signed by the court below is not sufficient, in itself, to start the time to appeal to the Appellate Division running under section 612 of the Civil Practice Act, which provides that a party entering a judgment or order or serving a notice of entry thereof shall not be entitled to further notice to limit his time to appeal, and under such circumstances the time within which the defendant could take his appeal did not commence to run until a copy of the order was served by the plaintiff's attorney upon the defendant's attorney with notice of entry thereof.

Said provision of section 612 of the Civil Practice Act does not apply to a case where an order is entered by the clerk of the court without any application therefor by the party whose time is sought to be limited.

The affidavit presented by the plaintiff on its application for an order permitting it to issue a supplemental summons bringing in an additional defendant and to amend the complaint by alleging that the original defendant and the additional defendant were copartners was not sufficient to support the order granted.

Appeal by the defendant, Alfred Heymann, from an order of the Supreme Court, made at the New York Special Term and

entered in the office of the clerk of the county of New York on the 27th day of September, 1923, granting the plaintiff's motion to issue a supplemental summons bringing in an additional party defendant, and to permit the service of an amended complaint, and also from an order entered in said clerk's office on the 13th day of October, 1923, denying the defendant's motion for a reargument of the first-mentioned motion.

Motion by the respondent to dismiss the aforesaid appeal.

*Alfred Frankenthaler* [*John Godfrey Saxe* of counsel], for the appellant.

*Haight, Smith, Griffin & Deming* [*Edgar R. Kraetzer* of counsel], for the respondent.

McAvoy, J.:

On this appeal there is a motion to dismiss on the part of the respondent. The motion to dismiss is based upon the ground that at the time the plaintiff's motion was granted the defendant submitted an order, although the motion was decided against him; that this order of his was signed, and that these circumstances bring defendant within the general provisions of the Civil Practice Act, section 612. That section limits the time to appeal to thirty days after service upon the attorney for the appellant of a copy of the judgment or order appealed from and a written notice of the entry thereof, except that the party entering the judgment or order, or serving the notice of the entry thereof, shall not be entitled to further notice to limit his time to appeal. This latter part of the section containing the exception was added by chapter 372 of the Laws of 1921, and was evidently intended to prevent a party entering a judgment or order from requiring that he be served with a copy thereof by his adversary before his time to appeal began to run from a judgment or order which he himself had entered. We do not think that the amendment applies to a case where an order is entered by the clerk of the court without any application therefor by the party whose time is sought to be limited. The fact that the order submitted by the adverse party was signed is not communicated to him until he has notice of entry of it. In the case of a judgment or order where the party or an attorney procures the entry thereof by his own overt act through presenting it for entry himself at the clerk's office, he, of course, has notice of the fact of entry.

In this case plaintiff's attorneys themselves served a copy of the order upon the defendant's attorneys with notice of entry thereof, and a notice of appeal from this order was served within

27

thirty days after the receipt of the order from the plaintiff's attorneys with notice of entry. Plaintiff's attorneys thus recognized that it was incumbent upon them to set the time of appeal running, and cannot now rely upon the claim that the defendant procured an order to be signed, from which he should have appealed within thirty days from the date of the entry of that order without notice. Besides it does not appear on the face of the order, nor is there any inference to be derived therefrom, that defendant entered an order denying his own motion. The most that can be said is that the admission of the defendant shows that he submitted an order for signature conforming to the decision of the court against him, which the court signed.

We think the motion to dismiss the appeal should be denied. On the merits of the appeal there must be a reversal of the order.

The order permitted the plaintiff to issue a supplemental summons directed to an additional defendant, and also allowed an amendment to the complaint, which set up the fact that the original defendant and his subsequent codefendant, now brought in, were copartners. The affidavit upon which the motion directing a supplemental summons to issue to bring in an additional party defendant was granted and the relief permitting the service of an amended complaint was allowed, stated that " it appears, however, and deponent is informed and verily believes that the defendant is a member of a copartnership consisting of himself and Ernest Heymann, trading under the firm name and style of Heymann & Co., at Vilvorde, Belgium." There is nothing in the motion papers to show why this original defendant was originally sued alone; why the Belgian partnership was not joined in the beginning, nor why the warranties, which are the subject of the suit, were not then claimed to have been made by the firm instead of by the single defendant. There is no showing that the parties are a Belgian copartnership, or what the legal relationship of Belgian copartners is to the entity of a partnership; whether individual copartners are primarily liable or merely liable as sureties in the event of an entity being found unable to respond. The corporation itself submits no affidavit excusing the mistake in bringing the original action against one defendant and not against the firm. No reason is shown for postponing the application for nearly two years after the commencement of the suit. There is nothing to show that the present defendant and the subsequent defendant, as a partnership, are now the proper parties. There is no proof that the defendant is in this jurisdiction or will ever come here. Obviously an affidavit of an attorney, not shown to be familiar personally with the facts, is totally insufficient for transforming

an action against an individual into one against a partnership, which action asks the court to entertain jurisdiction of a suit by a foreign corporation against non-residents for damages for false representations made in Belgium.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Motion to dismiss appeal denied, with ten dollars costs; order entered September 27, 1923, reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and appeal from order for reargument dismissed.