WILLIAM S. HALSTEAD et al., Respondents, v. GENERAL RAILWAY SIGNAL COMPANY et al., Appellants.— Appeal by defendants from an order· denying their motion to dismiss the amended complaint on the ground that it fails to state facts sufficient to constitute a cause of action, or for alternative relief striking out certain paragraphs of the complaint. Order affirmed, with ten dollars costs and disbursements. The first cause of action may be deemed to be one for the rescission of a contract relating in part to certain patents. This

court has jurisdiction of such a cause of action. The determination of the contention in respect of laches should await the trial, when all the circumstances can be developed, especially where, as here, it is also contended that the bringing of this action was premature. There is, however, no allegation in the first cause of action of an offer by plaintiffs to restore that which they have received from defendants, which may be properly allocated to the patents referred to in the complaint or to work relating thereto. The lack of such formal allegation makes this cause of action defective. However, as the second cause of action is sufficiently pleaded, there may not be a reversal of the order, assuming that the existence of the alleged defect was raised at Special Term. This view ensues from the rule that a motion to dismiss a complaint directed, as it is here, to the entire pleading, may not be granted where the complaint contains two or more causes of action and one of them is sufficient. (*Fusco* v. *Brooks*, 263 App. Div. 845; 3 Carmody on New York Pleading and Practice, § 1038.) The nominal defect in the first cause of action can be remedied on the trial by an appropriate amendment. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.