(November 13, 1945.)

KATHELEEN ADREANCE, as Executrix of JEREMIAH MURPHY, Deceased, Respondent, v. OIVIND LORENTZEN, as Director of Shipping and Curator of the Royal Norwegian Government, Operating as Norwegian Shipping and Trade Mission, et al., Appellants, et al., Defendants.— Motion to resettle order denied, without costs. Present — Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ. [See *post*, p. 987.]

KATHELEEN ADREANCE, as Executrix of JEREMIAH MURPHY, Deceased, Respondent, v. OIVIND LORENTZEN, as Director of Shipping and Curator of the Royal Norwegian Government, Operating as Norwegian Shipping and Trade Mission, et al., Appellants, et al., Defendants.— Action to recover damages for injuries suffered by plaintiff's decedent as a consequence of appellants' alleged negligence, and also action to recover damages for his wrongful death. Appellants moved to dismiss the complaint on the ground that the cause of action therein vested in the employer of plaintiff's decedent as a result of a determination that no person was entitled to compensation under the Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, § 901 *et seq.*), and an award thereunder requiring the employer to pay $1,000 into the special fund provided for in the act, as a consequence of which payment the cause of action vested in the employer of the decedent. The motion was denied, with the applicability of the Federal statute reserved for determination by the trial court. Order affirmed, with $10 costs and disbursements. That which was done under the Federal Workmen's Compensation Act in nowise affected the first cause of action set out in the complaint, under which damages were sought for injuries suffered by the decedent during the period between the day of the accident and the date of decease. This cause of action survived and vested in his estate. (Decedent Estate Law, §§ 118, 119, 120.) Appellants' motion was to dismiss the complaint, that is, it was directed to the entire pleading. Such a motion may not be granted where there are two or more causes of action and one of them is sufficient. (*Halstead* v. *General Railway Signal Co.,* 268 App. Div. 1060, and cases cited therein.) The order, although entered on the motion of the defendants-appellants is appealable. (*Norton & Siegel, Inc.,* v. *Nolan,* 276 N. Y. 392; *Moore* v. *Lang,* .255 App. Div. 783; *Edell* v. *Edell,* 258 App. Div. 420.) The case of *Munson Realty Co.* v. *Melrose Bond & Mortgage Corp.* (232 App. Div. 842) has been overruled by the foregoing later cases. Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur. [See *ante*, p. 987; *post*, p. 1049.]

SAMUEL BELZER, Respondent, v. CITY OF NEW YORK, Appellant.— Action to recover damages for personal injuries alleged to have been suffered by plaintiff as a consequence of his stepping into a hole in the pavement on Eastern Parkway, near the intersection of Rochester Avenue, Brooklyn, while alighting from a bus. Judgment for the plaintiff reversed on the law, with costs, and the complaint dismissed on the law, with costs. The findings of fact implicit in the jury's verdict are affirmed. The notice stated that the claimed pavement defect existed "near the intersection of Eastern Parkway and Rochester Avenue" without specifying in which of the three roadways on Eastern Parkway or the roadway on Rochester Avenue the claimed defect existed, or near which of the several corners the accident happened. The notice, required to be served by chapter 572 of the Laws of 1886 was fatally defective. (*Chaimowitz* v. *City of New York*, 255 App. Div. 1003.) The question of prejudice is immaterial. (*Ponsrok* v. *City of Yonkers,* 254 N. Y. 91, 95; *Weisman* v. *City of*