THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK TOWERS, INC., Relator, against HARRY B. CHAMBERS et al., Constituting the Tax Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, February 6, 1948.

*Charles Horowitz* for relator.

*John P. McGrath, Corporation Counsel (Charles E. Murphy* and *Rosemary Boylan* of counsel), for respondents.

DINEEN, J. Motion by petitioner-relator to compel the corporation counsel to accept a cross notice of appeal.

On November 20, 1947, after a trial, the petitioner-relator submitted a proposed final order which was signed November 24, 1947, and entered by the court, notice of which appeared in the New York Law Journal November 25, 1947. On November 28, 1947, a copy of said order with notice of entry was served

Cf. *People ex rel. Textile Realty Corp.* v. *Chambers,* 191 Misc. 288.— [REP.

upon the corporation counsel. On December 26, 1947, defendants-respondents served a notice of appeal and on December 29, 1947, petitioner-relator caused a cross notice of appeal to be served. On December 31, 1947, said cross notice of appeal was returned for the reason stated, that it was not served within the time provided by sections 612 and 578-a of the Civil Practice Act.

Section 612 of the Civil Practice Act provides that an appeal to the Appellate Division must be taken within thirty days after service upon the attorney for the appellant, of a copy of the judgment or order appealed from and written notice of entry thereof, except that the party entering the judgment or order or serving the notice of the entry thereof, shall not be entitled to further notice to limit his time to appeal.

When the petitioner-relator served respondents with a copy of the final order on November 28, 1947, which order had been entered in the clerk's office on November 24, 1947, by the court, the time of the petitioner-relator to appeal began to run from November 28, 1947, and not November 24, 1947. In my opinion section 612 of the Civil Practice Act contemplates some affirmative or overt act by a party to start the running of the time within which to appeal. This being so, section 578-a of the Civil Practice Act gives the petitioner-relator additional time within which to serve a cross notice of appeal, service of which in the instant case must be considered as timely. In all due deference to the decision in *People ex rel. Manhattan Stor. and Warehouse Co.* v. *Lilly* (191 Misc. 59█) this motion is granted and respondents are directed to accept the cross notice of appeal. Settle order accordingly.