THE PEOPLE OF THE STATE OF NEW YORK ex rel. TEXTILE REALTY CORPORATION, Relator, against HARRY B. CHAMBERS et al., Constituting the Tax Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, March 10, 1948.

*Simpson, Thacher & Bartlett* for relator.

*John P. McGrath, Corporation Counsel (John F. Kelly* of counsel), for respondents.

HOFSTADTER, J. The petitioner-relator moves in this tax certiorari proceeding to compel the corporation counsel, attorney for the defendants-respondents, to accept a cross notice of appeal from the final order in the proceeding, which the corporation counsel returned as not having been served within the

time provided by the applicable sections of the Civil Practice Act. The following is the chronolgy of events on which the determination of the motion hinges:

The final order which reduced the assessments on the relator's property was submitted for signature at Special Term, Part VII, on December 31, 1947, following prior service by the relator's attorneys on the corporation counsel of a proposed final order, with notice of settlement for that day. The order was signed by Mr. Justice Schreiber and filed in the county clerk's office on January 6, 1948. A copy of the final order, with notice of entry, was served on the corporation counsel on January 13, 1948, and the latter served a notice of appeal on behalf of the defendants on February 6, 1948. The relator's cross notice of appeal, the timeliness of which is questioned, was served on February 10, 1948.

If the final order was entered by the relator, then under section 612 of the Civil Practice Act its time within which to appeal ran from January 6, 1948, the date on which the order was entered, and not from January 13, 1948, the date on which the relator served a copy of the order, with notice of entry, on the corporation counsel (*Naftal* v. *Jarvis,* 203 App. Div. 75). *People ex rel. Manhattan Storage & Warehouse Co.* v. *Lilly* (191 Misc. 592) is authority for the conclusion that, since under the amendment of section 1557–a of the Civil Practice Act by chapter 770 of the Laws of 1946, on the payment of the fee of $3 to the county clerk for the assignment of an index number, no additional fee is chargeable for the entry of the final order, the final order so submitted by the relator is entered automatically by the county clerk and that as a necessary consequence the presentation by a relator of the final order to the clerk of the part is equivalent to its presentation to the county clerk. In this view, the final order must be deemed to have been entered by the relator on January 6, 1948, and its time to appeal expired thirty days thereafter, that is, on February 5, 1948.

The relator contends, however, that its time within which to appeal was extended by section 578–a of the Civil Practice Act. This section reads: " *Time to appeal extended in certain cases.* In any action or proceeding where an appeal is taken within five days before the time when the time of the party upon whom the notice of appeal is served will expire, the time of the party so served to appeal shall be extended ten days after such service." (Added by L. 1944, ch. 558, eff. April 5, 1947.)

It will be noted that the extension of time for the service of a cross notice of appeal provided for in section 578–a may be

availed of only when the appeal is taken by the other party within five days before the time of the party on whom the notice of appeal is served will expire. Since the time of the relator within which to appeal would have expired on February 5, 1948, it could not invoke the protection of section 578–a of the Civil Practice Act unless the defendants-respondents had served their notice of appeal within five days before February 5, 1948. But they did not do so. As stated, their notice of appeal was served on Feburary 6, 1948, after the relator's time within which to appeal had already expired.

The relator has cited *People ex rel. New York Towers* v. *Chambers* (191 Misc. 638) in support of its position. That case does indeed hold that the time of a relator, which submitted a proposed final order under circumstances substantially identical with those shown here, within which to appeal from the final order began to run not from the date of the entry of the final order but from the date on which the relator served a copy of the final order so entered on its motion, with notice of entry, on the corporation counsel. This holding is directly in conflict with the decision of Mr. Justice BOTEIN in the *Manhattan Storage & Warehouse Co.* case (*supra*), as Mr. Justice DINEEN recognized in his opinion. Faced with this diversity of opinion, this court feels free to adopt the view which commends itself to its own independent judgment.

Section 612 of the Civil Practice Act, adopted when the present Civil Practice Act was enacted, introduced an important change in practice. As pointed out in *Naftal* v. *Jarvis* (*supra*), its purpose was to abolish the prior practice under which the time of a party who had procured the entry of a judgment or order, and with the terms of which was necessarily familiar, did not begin to run until he had been served by his adversary with a copy of the judgment or order, with notice of entry. In the light of this purpose, the final order here must be held to have been entered by the relator. It was prepared and submitted by the relator's attorneys and after its signature by Mr. Justice SCHREIBER what followed was ministerial. The relator was the party which initiated and through whose efforts the final order was ultimately entered. The court, therefore, prefers to follow the result reached in the *Manhattan Storage & Warehouse Co.* case (*supra*).

The motion to compel acceptance of the cross notice of appeal is denied.