THE PEOPLE OF THE STATE OF NEW YORK ex rel. MANHATTAN STORAGE & WAREHOUSE COMPANY, Appellant, against JOSEPH LILLY et al., Constituting the Tax Commission of the City of New York, Respondents.

First Department, June 22, 1948.

*Alfred W. Bergren* of counsel (*James B. Gallagher* with him on the brief; *Sincerbeaux & Shrewsbury,* attorneys), for appellant.

*John F. Kelly* of counsel (*Seymour B. Quel* with him on the brief; *John P. McGrath, Corporation Counsel*), for respondents.

DORE, J. The issue is whether the time to appeal began to run against relator when the county clerk " automatically " entered, after signature by the Justice at Special Term, a proposed final order submitted by relator for settlement and signature.

In a tax certiorari proceeding, after decision of the court relator prepared its form of proposed final order and caused the same to be served on the corporation counsel on July 7, 1947, with notice of settlement for July 9th. The final order, as submitted to Special Term, was signed by the Justice and sent to the county clerk's office where it was automatically entered by the county clerk on July 16, 1947, in accordance with the practice which prevails in the county clerk's office since the recent amendment to the Civil Practice Act which repealed former section 1557-a and enacted a new section in its place (L. 1947, ch. 592). On July 17th, a notation appeared in the *New York Law Journal* to the effect that the order had been signed.

Relator served a notice of appeal on August 18, 1947, which was returned by the corporation counsel on August 19th upon the ground that it was not served within the thirty-day period prescribed by section 612 of the Civil Practice Act. Relator then moved for an order to compel the corporation counsel to accept the notice of appeal. Special Term denied the motion; relator appeals.

Relator's order was not submitted to the county clerk for entry by relator; it was a proposed order submitted for signature to the clerk of Special Term, Part VII. As no costs were allowed by the justice, and no additional fee was necessary by reason of the 1947 amendment under section 1557-a of the Civil Practice Act the order was entered " automatically " by the county clerk's office.

The exception to section 612 of the Civil Practice Act added by amendment in 1921 (L. 1921, ch. 372), is " that the *party entering* the judgment or order   *   *   *   shall not be entitled to further notice to limit his time to appeal " (italics mine).

Both the First and Second Departments for over a quarter of a century have held that it is only where the party or his attorney actually procures by his own act the entry of a judgment or order by presenting it for entry to the county clerk that no further act or notice is required (*Moore & Co.* v. *Heymann*, 207 App. Div. 416; *Naftal* v. *Jarvis*, 203 App. Div. 75 [1st Dept.]; *Corporation of Scholes* v. *Ficke Warehouses, Inc.*, 204 App. Div. 329 [2d Dept.]).

Thus in *Moore* v. *Heymann* (*supra*), construing the relevant part of section 612 of the Civil Practice Act, this court (by McAvoy, J.) unanimously held: " We do not think that the amendment applies to a case where an order is entered by the clerk of the court without any application therefor by the party whose time is sought to be limited."

In *Naftal* v. *Jarvis* (*supra*) Dowling, J., stated for this court the reason for the amendment as follows: " The exception made is evidently for the purpose of ending the seeming anomaly under the Code that a party entering a judgment should be required to be served with a copy thereof by his adversary before his time to appeal began to run from a judgment which he himself had entered."

As a matter of reason as well as authority and proper practice and procedure that should still be the construction of section 612. The present provisions of section 1557-a of the Civil Practice Act do not require a different construction. The courts have always jealously guarded the right to appeal (*Kelly* v. *Sheehan*, 76 N. Y. 325; *Weeks* v. *Coe*, 36 App. Div. 339; *Good* v. *Daland*, 119 N. Y. 153; *Corporation of Scholes* v. *Ficke Warehouses, Inc.*, 204 App. Div. 329, *supra*). Thus in *Kelly* v. *Sheehan* (*supra*) the Court of Appeals said: " There being no power in the court to relieve a party who fails to take an appeal in due time, however meritorious his excuse, the party undertaking to limit the time is held to strict practice."

It would be most inadvisable now to rule that the time for anyone to appeal is set in motion by a so-called automatic filing of an order by a clerk and bind the party as if the party himself had entered the judgment or order. The time to appeal is so short and the right to appeal is so vital, that no construction should be adopted which would start such time running against a party other than by service of a notice of entry or by an affirmative overt act by the *party* himself or his attorney in " entering the judgment or order " as the 1921 amendment states.

This has been the ruling in other Special Term decisions (*People ex rel. N. Y. Towers, Inc.*, v. *Chambers*, 191 Misc. 638; *People ex rel. Trustees of Columbia University* v. *Mills*, N. Y. L. J., Feb. 24, 1948, p. 678, col. 1).

The formal recitation in the final order as to the making thereof on relator's motion is not conclusive. That question has been definitely determined by the Court of Appeals in *Norton & Siegel, Inc.*, v. *Nolan* (276 N. Y. 392); see, also, *Adreance* v. *Lorentzen* (269 App. Div. 987).

Under the rule claimed by the Tax Commission the time to appeal instead of being the certain and definite thirty-day period specified in the statute would depend on extrinsic issues of fact as to the date on which counsel succeeded in learning which of two orders the court had signed and which one of the two the clerk had automatically entered. By the statute, not such knowledge but " entering " the judgment or order is made the test.

The order appealed from should be reversed, with $20 costs and disbursements to the appellant and relator's motion to compel respondents to accept service of the notice of appeal should be granted.

COHN, J. (dissenting) A consolidated tax certiorari proceeding to review assessments on the relator's real property resulted in a decision by the Special Term on May 14, 1947, reducing the assessments complained of but in the exercise of the court's discretion (Tax Law, § 294) denying costs to the relator.

On July 7, 1947, relator's attorneys served on the corporation counsel a proposed order with notice of settlement for July 9, 1947. On July 17th a notation appeared in the *New York Law Journal* to the effect that an order in this proceeding had been signed by the court. The only modification made in the order upon the settlement thereof was the striking out of the provision for costs to relator. As signed the order recited the following: " Now, on filing the decision of the Court herein and on motion of Sincerbeaux & Schrewsbury, the attorneys for the relator herein, it is   *   *   *."

A representative of the office of relator's attorneys, after observing the notice in the *Law Journal*, visited the office of the County Clerk of New York County on July 17th, examined the order as signed and entered and made copies thereof. As relator's attorneys had paid the fee of $3 required by section 1557-a of the Civil Practice Act at the time of the filing of the writs, no further payment of fees was necessary when this order was entered.

Thereafter on August 18, 1947, relator's attorneys served a notice of appeal from the final order " upon the ground of inadequacy." Presumably the claim of inadequacy related to the failure of the Special Term to grant greater reductions in the assessed valuations of relator's property. The notice of appeal was returned by the corporation counsel, on August 19, 1947, because it had not been served within thirty days from the date of the entry of the order. Relator's attorneys then moved for an order compelling the corporation counsel to accept the notice of appeal. From the order denying that motion, this appeal is taken.

The Special Term correctly decided that the notice of appeal had been served too late. Pertinent statutes bearing upon the facts are sections 612 and 1557-a of the Civil Practice Act. Section 612, which provides for limitation of time to appeal, reads as follows: " An appeal to the appellate division of the supreme court, except as otherwise provided by statute, must be taken within thirty days after service upon the attorney for the appellant of a copy of the judgment or order appealed from and a written notice of the entry thereof *except that the party entering the judgment or order,* or serving the notice of the entry thereof, shall not be entitled to further notice to limit his time to appeal." (Italics ours.) Concededly the final order submitted by relator's attorneys was filed and entered in the office of the county clerk on July 16, 1947. Relator's attorneys were aware of that fact on July 17th. The notice of appeal was served thirty-three days after the entry of the order made upon motion of the relator.

The portion of section 612 reading " except that the party entering the judgment or order, or serving the notice of the entry thereof, shall not be entitled to further notice to limit his time to appeal " was added by chapter 372 of the Laws of 1921. It was inserted for the obvious reason that a party who causes to be entered a judgment or order is presumed to have knowledge of the contents thereof. When the order which he submits is signed and entered, he may ascertain its exact contents by examining it as entered in the county clerk's office, precisely what relator's attorneys did here. The purpose of the amendment to section 612 effected by chapter 372 of the Laws of 1921, was clearly indicated by this court in an opinion by DOWLING, J. (later Presiding Justice) in *Naftal* v. *Jarvis* (203 App. Div. 75, 76–77) as follows: " The exception made is evidently for the purpose of ending the seeming anomaly under the Code that a party entering a judgment should be required to be served with

a copy thereof by his adversary before his time to appeal began to run from a judgment which he himself had entered.

" Under these provisions of the Civil Practice Act the following procedure is indicated:

"(1) The party entering a judgment must serve a copy thereof, with notice of entry, upon his adversary, to start the latter's time to appeal running.

"(2) The party entering a judgment thereby starts his own time to appeal running, and no further notice to him is required to effect the same.

"(3) If the party entering the judgment should fail to give notice of entry thereof, and the other party for any reason should himself serve upon his adversary such notice of entry, the date of such service will start running the time to appeal of the party serving the notice.

" This construction of § 612 of the Civil Practice Act assimilates its provisions to the corresponding terms of the Surrogate's Court Act (§ 293) regulating appeals.

" In the present case, as plaintiff's attorney did not serve his notice of appeal until thirty-one days after he had entered judgment, his time to appeal had expired, and defendant's attorney should not now be compelled to accept the same."

The rule laid down in *Naftal* v. *Jarvis* (*supra*) was approved by the Second Department in *Corporation of Scholes* v. *Ficke Warehouses, Inc.* (204 App. Div. 329). Though a ruling in *People ex rel. New York Towers* v. *Chambers* (191 Misc. 638) is to the contrary, the decision in *People ex rel. Textile Realty Corp.* v. *Chambers* (191 Misc. 288) parallels the view of the Special Term Justice in the present case.

The case of *Moore & Co.* v. *Heymann* (207 App. Div. 416) upon which appellant so heavily relies, is not controlling. The facts there are wholly at variance with what occurred here. There plaintiff's attorney having secured a favorable decision from the Special Term, served a proposed form of order with notice of settlement. Defendant's attorney thereupon submitted a proposed counter order. The court signed the defendant's proposed form of order but the order recited that it was made on plaintiff's motion, as was the fact. Plaintiff's attorney thereupon served the order upon defendant's attorney with notice of entry thereof. The defendant's attorney thereafter duly served a notice of appeal within thirty days after the receipt of the order with such notice of entry. In the circumstances the court properly held that defendant's time to appeal began to run when it was served by plaintiff's attorney with a copy of the order and notice of entry thereof.

In the year 1921, when section 612 of the Civil Practice Act was amended to read as it presently does, a fee of not less than $1.10 was required to be paid to the county clerk for entering a final order or judgment pursuant to section 1557 of the Civil Practice Act (as renumbered by L. 1921, ch. 199, § 14; formerly § 1519 [see L. 1920, ch. 925]). In the year 1947, the statutory provisions with respect to the payment of fees for the entry of a final order or judgment was eliminated. Section 1557-a (added by L. 1947, ch. 592, in effect May 1, repealing former § 1557-a) now requires that in the city of New York a fee of $3 be paid for the assignment of an index number to any action or proceeding and that "No further fee shall be charged by the county clerk who has assigned an index number, for the filing, entering, indexing, recording or docketing, as required by statute, of any and all papers in the action or proceeding, or preliminary thereto or supplementary to judgment  *  *  *  ".

The relator maintains that the portion of section 612 of the Civil Practice Act which provides "that the party entering the judgment or order  *  *  *  shall not be entitled to further notice to limit his time to appeal ", contemplated an affirmative or overt act, such as the paying of the county clerk's fee for the entering of a final order or judgment as was required when section 612 was enacted in its present form. Relator further argues that since the final order herein was entered without the payment of any fee other than the fee of $3 for the assignment of an index number to the proceeding as provided by section 1557-a of the Civil Practice Act, there was or could be no affirmative act on relator's part in entering the final order.

We do not agree with the relator's contention. The amendment to section 1557-a of the Civil Practice Act was not designed to increase the time for appeal for a party at whose instance a final order or judgment is entered. By paying the clerk's fee for the assignment of an index number the attorneys for relator must have known that on a decision in favor of relator a final order submitted by them for signature would be automatically entered by the county clerk. Their act set in motion the machinery for the entry of the final order which would start running the time to appeal.

The right to appeal is not a natural or inherent right but is a matter of favor or privilege. It rests upon statute, and may be limited or taken away by the Legislature. (*Groveno* v. *Atlantic Ave. R. R. Co.*, 150 N. Y. 225; *People ex rel. Crane* v. *Hahlo*, 228 N. Y. 309, 317). By statute " A court or a judge is not authorized to extend the time fixed by law within which to

\* \* \* take an appeal \* \* \*." (Civ. Prac. Act, § 99.) Nor may the court allow an appeal to be taken after the expiration of such time. (*Pollak* v. *Port Morris Bank,* 257 N. Y. 287; *Matter of Westberg,* 279 N. Y. 316; *Erasmi* v. *Pan American Trust Co.,* 267 App. Div. 164.) This limitation is binding upon the courts no matter how meritorious the excuse for failure to appeal in due time. (6 Carmody on New York Pleading and Practice, § 122, p. 105.)

We think that the Special Term correctly decided that the entry of the final order here was procured by relator and that its time to appeal from such order began to run from the date of the entry thereof.

For the foregoing reasons I dissent and vote to affirm the order.

PECK, P. J. and CALLAHAN, J., concur with DORE, J.; COHN, J., dissents in opinion in which GLENNON, J., concurs.

Order reversed, with $20 costs and disbursements to the appellant and the motion granted. Settle order on notice. [See *post,* p. 877.]