THE PEOPLE OF THE STATE OF NEW YORK ex rel. MANHATTAN STORAGE & WAREHOUSE COMPANY, Respondent, against JOSEPH LILLY et al., Constituting the Tax Commission of the City of New York, Appellants.

Argued March 3, 1949; decided June 2, 1949.

*John P. McGrath, Corporation Counsel* (*John F. Kelly* and *Seymour B. Quel* of counsel), for appellants. Relator's time to appeal from the final order commenced to run on July 16, 1947, the date upon which the order submitted by relator's attorney was entered in the County Clerk's office. Accordingly, relator's notice of appeal served on August 18, 1947, was not served within the thirty-day period prescribed by section 612 of the Civil Practice Act, and was properly rejected. (*Naftal* v. *Jarvis*, 203 App. Div. 75; *Corporation of Scholes* v. *Ficke Warehouses*, 204 App. Div. 329; *People ex rel. New York Towers* v. *Chambers*, 191 Misc. 638; *People ex rel. Textile Realty Corp.* v. *Chambers*, 191 Misc. 288.)

*Alfred W. Bergren* for respondent.   I. Relator's notice of appeal was timely.   (*Naftal* v. *Jarvis,* 203 App. Div. 75; *Corporation of Scholes* v. *Ficke Warehouses,* 204 App. Div. 329; *Moore & Co.* v. *Heymann,* 207 App. Div. 416; *Novich* v. *Armour & Co.,* 230 App. Div. 712; *People ex rel. New York Towers* v. *Chambers,* 191 Misc. 638; *People ex rel. Trustees of Columbia Univ.* v. *Mills,* N. Y. L. J., Feb. 24, 1948, p. 678, col. 1; *People ex rel. Textile Realty Corp.* v. *Chambers,* 191 Misc. 288.)   II. Statutes giving and regulating the right of appeal should be liberally construed in furtherance of the right of appeal.   (*Corporation of Scholes* v. *Ficke Warehouses,* 204 App. Div. 329; *Pearson* v. *Lovejoy,* 53 Barb. 407; *Matter of Hurley Mercantile Co.,* 56 F. 2d 1023, 286 U. S. 555; *Stid* v. *Missouri Pacific Ry. Co.,* 211 Mo. 411; *Tooker* v. *Missouri Power & L. Co.,* 336 Mo. 592; *Purnell* v. *Ocean City,* 162 Md. 169; *Bozeman* v. *Naff,* 155 Tenn. 121; *State* v. *Nangle,* 82 W. Va. 224; *Gaskins* v. *Mack,* 91 Fla. 284; *H. O. L. C.* v. *Pafara,* 235 Wis. 184.)   III. Relator was entitled to actual notice.   (*Matter of New York Central & Hudson Riv. R. R. Co.,* 60 N. Y. 112; *Pearson* v. *Lovejoy,* 53 Barb. 407.)   IV. The 1946 amendment to section 1557-a of the Civil Practice Act did not operate to limit section 612 of the Civil Practice Act.

DYE, J.   This appeal is by permission upon the following certified question: " Should the defendants be compelled to accept the relator's notice of appeal from the final order entered herein in the office of the Clerk of the County of New York on the 16th day of July 1947? "

The problem arises out of the following circumstances: In this consolidated tax certiorari proceeding brought by the relator, a small reduction in assessment was directed.   The relator's attorneys in due course submitted a proposed final order with notice of settlement to the clerk of the Special Term for signature.   The signature was affixed July 16, 1947, but in so doing the Justice struck out the provision for the allowance of costs as unwarranted by the small reduction in assessment.   The order was then " automatically " sent to the New York County Clerk's office for entry and filing without further action by the attorneys, in keeping with the practice followed since the enactment of section 1557-a of the Civil Practice Act (L. 1947, ch. 592).   A notation of the signing of such order was carried in

the *New York Law Journal* dated July 17, 1947 (p. 101, col. 5). The managing clerk in the office of the relator's attorney thereupon that same day (July 17th) went to the office of the Clerk of the County of New York, procured the file from the clerk and conformed his copies of the order with the original entered July 16th. No fee was paid at the time of the automatic entry as the required fee had previously been paid in conformity with the new procedure (Civ. Prac. Act, § 1557-a). Thereafter, on August 18, 1947, the relator's attorney served a notice of appeal from such final order which, on August 19, 1947, the corporation counsel rejected and returned with a notation that it was not served within thirty days as prescribed by section 612 of the Civil Practice Act (as amd. by L. 1921, ch. 372). For convenience, the pertinent language is quoted: "except that the party entering the judgment or order, or serving the notice of the entry thereof, shall not be entitled to further notice to limit his time to appeal."

The issue thus presented is whether the automatic entry in accordance with established practice (§ 1557-a), limits the exception of section 612, or in other words, whether such automatic entry amounts to the same thing as the act of the party or his attorney in personally presenting to the county clerk's office the paper sought to be appealed from in order to start the time running in which to file notice of appeal.

The words "the party entering the judgment or order" as used in the statutory exception, have been construed to mean that the time limitation starts to run when the party himself or his attorney has actually entered in the County Clerk's office the paper appealed from (*Moore & Co.* v. *Heymann,* 207 App. Div. 416), and that the exception was enacted to end the seeming anomaly of requiring the party actually making the entry to be separately served with a copy thereof by his adversary before the time to appeal started to run against him (*Naftal* v. *Jarvis,* 203 App. Div. 75). When the party himself makes the entry he clearly has knowledge of the adverse order or judgment (*Corporation of Scholes* v. *Ficke Warehouses,* 204 App. Div. 329). These cases antedate the enactment of section 1557-a of the Civil Practice Act and were decided at a time when it was the practice to pay scheduled filing fees when the final judgment or order was presented to the county clerk for entry and filing by

the party of his attorney. The enactment of section 1557-a set up a superseding schedule of filing fees which, among other substitutions, provides for payment in advance of a fee for the assignment of an index number and when assigned, papers pertaining to the special proceeding or action are thereafter automatically accepted without further payment. This automatic entry of such final judgment or order is equivalent to personal entry by the party or his attorney. When a party submits a proposed judgment or order with notice of settlement to the clerk of the Special Term part in the counties of the city of New York he knows that the judge will either sign the same as submitted or make changes therein, and that when signed it will be automatically entered without further action on his part. This does not limit his rights in appeal procedure. The time to appeal is not thereby shortened or lengthened. He still has thirty days from the date of entry. This is not contrary to the general policy requiring a party who seeks to limit time to appeal to conform to strict practice (*Kelly* v. *Sheehan*, 76 N. Y. 325).

The relator here initiated the event which led to the ultimate entry of the order appealed from and must be bound by the time limitation its automatic entry started up. It is of small moment whether the order or judgment which the attorneys have submitted to the clerk for the Special Term part for consideration and signature of the justice is sent down " automatically " by the clerk or carried down personally by the attorney. The relator's attorney had knowledge of the entry of the order in either event. To say of this record that the automatic entry of the order did not start the time running against the relator would be just as anomalous as the situation existing prior to the amendment of section 612 of the Civil Practice Act.

The order of the Appellate Division should be reversed and that of Special Term affirmed, with costs in this court and in the Appellate Division. The certified question should be answered in the negative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, FULD and BROMLEY, JJ., concur.

Order reversed, etc.