JACOB S. BERKSON et al., Appellants, *v.* HARRY SCHNEIDERMAN, Respondent, et al., Defendants.

First Department, May 6, 1952.

*Louis B. Stillman* of counsel (*Bertram D. Moll* with him on the brief; *Stillman & Stillman,* attorneys), for appellants.

*Irving Lemov* of counsel (*Abbott L. Levine,* attorney), for respondent.

COHN, J. P. The appeal from the order entered on December 15, 1950, must be dismissed upon the ground that the notice was served long after the time for service thereof had expired. Appellants had thirty days from that date within which to serve their notice of appeal. It was not served until April 19, 1951. It has long been settled that in civil cases as well as in criminal cases, a court or judge is not authorized to extend the time fixed by law within which an appeal may be taken (Civ. Prac. Act, § 99). Nor may the court allow an appeal to be taken after the expiration of such time (*Pollak* v. *Port Morris Bank,* 257 N. Y. 287, 288; *Matter of Westberg,* 279 N. Y. 316, 322). This limitation is binding upon the courts no matter how meritorious the excuse for failure to appeal in due time. (*Morris* v. *Chemical Bank & Trust Co.,* 291 N. Y. 646; 6 Carmody on New York Practice, p. 105.)

Appellants' contention that their time to appeal had not commenced to run because a copy of the order with notice of entry had not been served upon them is without merit. The order was one which was entered on motion of appellants, and was noticed for settlement by appellants' attorneys. Though the particular order signed was the one submitted not by appellants but by respondent, appellants nonetheless '' initiated the event which led to the ultimate entry of the order appealed from and must be bound by the time limitation its automatic entry started up.'' (Civ. Prac. Act, § 612; *People ex rel. Manhattan Stor. & Warehouse Co.* v. *Lilly,* 299 N. Y. 281, 285.) In that case the court at page 285 also said (DYE, J.): '' It is of small moment whether the order or judgment which the attorneys have submitted to the clerk for the Special Term part for consideration and signature of the justice is sent down ' automatically ' by the clerk or carried down personally by the attorney. The relator's attorney had knowledge of the entry of the order in either event. To say of this record that the

automatic entry of the order did not start the time running against the relator would be just as anomalous as the situation existing prior to the amendment of section 612 of the Civil Practice Act.''

Plaintiffs recognized this to be the rule for they moved to resettle the order appealed from even though they had not been previously served with a copy of the order which they were instrumental in having had signed and entered.

For the foregoing reasons, the motion to dismiss the appeal from the order entered December 15, 1950, is granted.

Appeal by plaintiffs from the order entered April 9, 1951, denying their motion to resettle the order entered December 15, 1950, should also be dismissed.

CALLAHAN, VAN VOORHIS and FOSTER, JJ., concur; SHIENTAG, J., concurs in result.

Appeals from orders unanimously dismissed.