In the Matter of the Arbitration between STERN BROTHERS, Respondent, and DAVID LIVINGSTON, as President of District 65-C. I. O. Retail, Wholesale and Department Store Union, et al., Appellants.

First Department, November 27, 1956.

*Irving Rozen* of counsel (*Weisman, Allan, Spett & Sheinberg,* attorneys), for appellants.

*Howard V. Ross* of counsel (*Edward L. Coffey* with him on the brief; *Simpson Thacher & Bartlett,* attorneys), for respondent.

BOTEIN, J. The question posed for determination is whether appellants' notice of appeal from the order of the court below staying arbitration was timely under the provisions of section 612 of the Civil Practice Act. This turns on whether the time to appeal commenced running from the date the order was entered or from the date appellants received from their adversary a copy of the very order they themselves had submitted, with notice of entry.

Respondent served its proposed order providing for a stay of arbitration, with notice of settlement, on April 16, 1956, while appellants served their counter proposed order on April 17, 1956. Special Term signed the counter order on April 18, 1956. Respondent served a copy of this signed order, with notice of entry, on April 26. Appellants served a notice of appeal on May 23, which was 35 days after its own counter order had been signed and 27 days after notice of entry. When respondent rejected the notice of appeal as untimely, appellants moved to compel its acceptance and now appeal from the order at Special Term denying their motion.

Section 612, dealing with the time limitations on appeals to the Appellate Division, is structurally similar to subdivision 1 of section 592 (appeals to the Court of Appeals), section 624 (appeals from inferior courts), section 632 (appeals from

final orders of special proceedings), section 293 of the Surrogate's Court Act (appeals from the Surrogate's Court), section 60 of the New York City Court Act (appeals from the City Court) and section 156 of the Municipal Court Code (appeals from the Municipal Court). It requires appeals to be taken within 30 days after service upon the appellant of a copy of the order appealed from, with notice of entry, with the exception that '' the party entering the judgment or order   *   *   *   shall not be entitled to further notice to limit his time to appeal ''.

Under section 1351 of the Code of Civil Procedure, the forerunner of section 612 of the Civil Practice Act, an appellant who, with full knowledge of the adverse order, had himself caused the order to be entered, was nevertheless required to be served with a formal notice by his opponent of what he himself had done before his time to appeal would start to run.   (See, e.g., *Kilmer* v. *Hathorn,* 78 N. Y. 228 [1879]; *Matter of New York Cent. & Hudson Riv. R.R. Co.,* 60 N. Y. 112 [1875]; *McGruer* v. *Abbott,* 47 App. Div. 191 [3d Dept., 1900]; *New Rochelle Gas & Fuel Co.* v. *Van Benschoten,* 47 App. Div. 477 [2d Dept., 1900].) It was to end this anomaly that the exception in section 612 of the Civil Practice Act was enacted in 1921, so that the time to appeal would start running from the date of entry against '' the party entering the judgment or order '' (L. 1921, ch. 372; *Naftal* v. *Jarvis,* 203 App. Div. 75, 76 [1st Dept., 1922]).

But who is '' the party entering the judgment or order ''? The answer to this question was comparatively simple when a party physically had to present the order in the County Clerk's office for entry (*Moore & Co.* v. *Heymann,* 207 App. Div. 416). But with the enactment of section 1557-a of the Civil Practice Act in its present form (L. 1947, ch. 592), it became the practice for signed orders to be '' automatically '' entered when the filing fee had been previously paid and an index number assigned. Even after the enactment of section 1557-a it had been held that the submission by a party of a proposed order which was signed and automatically entered was not the equivalent of that party's '' entering the judgment or order '' (*People ex rel. New York Towers* v. *Chambers,* 191 Misc. 638; *Hawkinson* v. *Clayton Packing Co.,* 88 N.Y.S. 2d 310; but cf. *People ex rel. Textile Realty Corp.* v. *Chambers,* 191 Misc. 288).

However, the Court of Appeals rejected this reasoning in reversing *People ex rel. Manhattan Stor. & Warehouse Co.* v. *Lilly* (274 App. Div. 59). The Court of Appeals held that for the purposes of section 612, submission of an order which was automatically entered was to be deemed the equivalent of the

physical entry of that order by the party submitting it. The court explained: " When a party submits a proposed judgment or order with notice of settlement to the clerk of the Special Term part in the counties of the city of New York he knows that the judge will either sign the same as submitted or make changes therein, and that when signed it will be automatically entered without further action on his part " (299 N. Y. 281, 285). The court specifically noted that the time to appeal of the party submitting a proposed order was still "thirty days from the date of entry ".

While in the *Manhattan Storage* case it was the prevailing party who submitted the order that was signed, the decision therein was not dependent upon that fact, for it was not predicated upon a formalistic concept of victory or defeat but upon the pragmatic consideration that one who necessarily knows of an event because he was an active participant need not be given formal notice of what he is bound to know.

In *Berkson* v. *Schneiderman* (280 App. Div. 142), this court extended the rationale of the *Manhattan Storage* case even to appellants whose proposed order was not signed, since the mere submission of a proposed order, whether signed or not, was deemed to have initiated the event leading to the ultimate automatic entry of the order appealed from. And in *Bassons Ind. Corp.* v. *Manning* (286 App. Div. 848), this court denied a motion to compel acceptance of a notice of appeal served 36 days after a proposed judgment submitted by the appellant was entered, even though appellant was not the " prevailing " party.

To import once again into the law the concept that a party who has not " prevailed " must be given notice of the entry of the order he himself submitted would entangle the courts in a morass of subtle distinctions. How does one determine who is the prevailing party when each side has been partially successful? We must take care not to elevate the form of victory, however Pyrrhic, over the substance. The very fact that a party elects to appeal indicates that, to its way of thinking at least, it did not prevail. The contention that only the prevailing party should be considered the " party entering the order " would render the exception provided in the last paragraph of section 612 virtually meaningless. For that latter paragraph was designed to cover the very situation where the losing party, desiring to appeal, itself caused the order to be entered.

The controlling consideration should be what knowledge a party has in the absence of a formal notice of entry. Any party submitting a proposed order knows that an order will be signed

and, as he is required to watch for it, should know when the order is in fact signed. His knowledge is not diminished in any respect because he was not the original moving party, or because he is not the prevailing party, or because his order may or may not have been signed as submitted. We should abjure such technical distinctions which are wholly without substance and follow the sensible rule that a party in the position of the appellants herein, who had full knowledge of the submission, need not be given further or formal notice thereof.[1]

Under such circumstances appellants cannot claim to have been misled because respondent served a copy of the order with notice of entry upon them, for it need never have served the notice at all. Thus, the performance of this superfluous act could not in any sense be considered to have lulled appellants into a false sense of security.

Without regard to whether a party has prevailed in part or not, the time within which he may appeal " begins to run from the day on which the record shows he had knowledge of the adverse order or judgment, whether by service upon him of a copy thereof with notice of entry or because the record shows that the appellant in fact filed or entered the order " (*Corporation of Scholes* v. *Fick Warehouses*, 204 App. Div. 329, 331). The appellants here, having submitted the order which was signed, clearly had knowledge of the submission of the order, and so their time to appeal should be deemed to run from the date of entry. The notice of appeal served 35 days after entry was too late, and the order of Special Term denying the appellants' motion to compel acceptance of the notice of appeal should be affirmed.

PECK, P. J., BREITEL and RABIN, JJ., concur; Cox, J., dissents and votes to reverse and grant the motion.

Order affirmed, with $20 costs and disbursements to petitioner-respondent.

---

1. Cf., Rule 73, subd. (a) of the Federal Rules of Civil Procedure, under which the time to appeal runs from the date of entry for all parites, dispensing entirely with the necessity of a formal notice of entry.