MICHAEL L. MATAR, Respondent, *v.* EMIL MORTON et al., Copartners Doing Business under the Name of MORTON BROTHERS, et al., Appellants.

First Department, April 9, 1957.

408

*Sydney S. Levine* of counsel (*Herbert Gordon* with him on the brief), for appellants.

*Unterberg & Unterberg* for respondent.

McNally, J. The question presented is whether the notice of appeal herein served is timely. The defendants-appellants moved at Special Term for an order changing the venue of the action to Nassau County. The plaintiff-respondent cross-moved for an order retaining the venue in the County of New York. The motion and cross motion were submitted on July 3, 1956. The decision thereon was published in the *New York Law Journal* on July 6, 1956. (N. Y. L. J., July 6, 1956, p. 2, col. 3.) The publication of the decision resulted from the making of a short-form order by the court, and the entry thereof on July 5, 1956, denying the defendants' motion and granting plaintiff's cross motion. On October 26, 1956, the attorneys for the plaintiff mailed a copy of the order which was received by the attorney for the defendants on October 29, 1956. The notice of appeal was served on November 5, 1956. The attorneys for the plaintiff returned the notice of appeal to the attorney for the defendants. Thereupon the defendants moved to compel plaintiff's attorneys to accept service of the said notice of appeal. The motion was denied and this appeal followed.

Section 612 of the Civil Practice Act states the limitation of time to appeal to the Appellate Division. It reads as follows: " § 612. *Limitation of time to appeal.* An appeal to the appellate division of the supreme court, except as otherwise provided by statute, must be taken within thirty days after service upon the attorney for the appellant of a copy of the judgment or order appealed from and a written notice of the entry thereof except that the party entering the judgment or order, or serving the notice of the entry thereof, shall not be entitled to further notice to limit his time to appeal."

Under section 612 the time to appeal from an order does not commence to run until service thereof with notice of entry is made upon the attorney for the appellant. The sole exception specified in section 612 is as to the party entering the order; as to him the time to appeal commences to run after the entry of the order.

In *People ex rel. Manhattan Stor. & Warehouse Co.* v. *Lilly* (299 N. Y. 281) the appellant's order, with a modification thereof, was automatically entered in accordance with section 1557-a of the Civil Practice Act, and the court held the appellant entered the order within the meaning of section 612. In *Berkson* v. *Schneiderman* (280 App. Div. 142) the appellant noticed the order for settlement but respondent's order was signed. Nevertheless, this court held the appellant initiated the event which led to the ultimate entry of the order and that the entry of the order started up the time limitation. *Bassons Ind. Corp.* v. *Manning* (286 App. Div. 848) held the entry of the judgment started running the time limitation where the appellant submitted the proposed judgment. *Matter of Stern Bros.* (2 A D 2d 553) held that the time to appeal commenced to run with the entry of a counterorder submitted by the appellant.

In each of the said cases the appellant, by the submission thereof, initiated the event which led to the entry of the order or judgment, or participated in the event by submitting a counterorder or judgment. In the case at bar, neither party submitted an order.

*People ex rel. Manhattan Stor. & Warehouse Co.* v. *Lilly* (299 N. Y. 281, 285, *supra*) held that " When a party submits a proposed judgment or order with notice of settlement to the clerk of the Special Term part in the counties of the city of New York he knows that the judge will either sign the same as submitted or make changes therein, and that when signed it will be automatically entered without further action on his part." The *sine qua non* of the principle there laid down is that there be participation in the order-making process after decision.

No order was submitted by the appellants, and the automatic entry of the court's order may not be attributed to them, unless it be held that the making of the motion by the appellants in itself is the event which led to the entry of the order herein. If that be so, then the exception of section 612 of the Civil Practice Act has swallowed the general time limitation therein. We are of the opinion, however, that on the facts of this case the appellants' notice of appeal was timely, and that the exception of section 612 of the Civil Practice Act is inapplicable.

We take this occasion to note *sua sponte* a matter of procedure. After a notice of appeal to this court is served, Special Term's determination as to the validity of the appeal is not final or binding, absent a review by this court. The appropriate procedure is to move in this court in the first instance for the relief sought. (*Ziadi* v. *Interurban St. Ry. Co.*, 97 App. Div. 137; *Levinson* v. *Polhemus*, 259 App. Div. 1089; *Matter of Ralph* v. *Board of Estimate of City of N. Y.*, 278 App. Div. 793.) Under the circumstances, the order appealed from should be reversed and the motion granted, without costs.

BREITEL, J. P., BOTEIN, RABIN and VALENTE, JJ., concur.

Order unanimously reversed, without costs, and the motion granted.