■ LUISE SCHWARZ, Respondent, v. BERTHOLD SCHWARZ, Appellant.— In an action for a judicial separation (first cause of action), and to recover arrears in support payments owing under a separation agreement (second cause of action), the defendant appeals: (1) from an order of the Supreme Court, Queens County, entered March 19, 1964 in Nassau County, which granted plaintiff's motion for summary judgment on her second cause of action; and (2) from the judgment entered March 27, 1964 in Nassau County pursuant to said order. Judgment and order reversed, without costs, and plaintiff's motion for summary judgment denied. In our opinion, triable issues of fact are presented as to: (a) defendant's claim of cohabitation and reconciliation (cf. *Zimtbaum* v. *Zimtbaum,* 246 App. Div. 778, affd. 272 N. Y. 416; *Peer* v. *Peer,* 17 Misc 2d 380); and (b) whether defendant is entitled to credit for payments for a period of 28½ weeks on account of his alleged assigment to plaintiff of his interest in an insurance policy (cf. *Popular Home Lbr. Co.* v. *Roberts,* 9 A D 2d 593). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ GERALDINE SCUTELLARO, as Administratrix of the Estate of LOUIS SCUTELLARO, Deceased, Respondent, v. MT. VERNON HOSPITAL, Appellant, et al., Defendants.— In an action by the plaintiff-administratrix to recover damages for the wrongful death of her decedent (first cause of action), and for decedent's conscious pain and suffering (second cause of action), in which the defendant Mt. Vernon Hospital pleaded a general denial and the defense of contributory negligence, and asserted a cross claim against the defendant Di Blasio (a physician and surgeon) and the defendant Wilson (a physician and anesthesiologist) predicated upon their allegedly active negligence, the defendant Mt. Vernon Hospital appeals: (a) from a judgment of the Supreme Court, Westchester County, entered January 20, 1964 after trial, upon the verdict of a jury for $114,500 in favor of the plaintiff upon her first cause of action; and (b) from an order of said court, entered the same day, which severed plaintiff's action as against the defendants Di Blasio and Wilson, and stayed the trial of the severed action either until the judgment is paid or until the determination of the instant appeal. The verdict of the jury was in favor of the defendant Mt. Vernon Hospital upon plaintiff's second cause of action for pain and suffering. As to the defendants Di Blasio and Wilson, the jury disagreed. Judgment and order affirmed, with one bill of costs to plaintiff against the defendant hospital. No opinion. Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.

■ JOHN BIELECKI et al., Plaintiffs, v. CARMELO GIAMBOI et al., Defendants.— Motion by plaintiffs to compel defendants to accept a notice of appeal which the defendants refused on the ground that it was untimely (CPLR 5513). Motion denied (see *People ex rel. Manhattan Stor. & Warehouse Co.* v. *Lilly,* 299 N. Y. 281, 285). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. LUIS JAMES, Defendant.— Motion by defendant to dispense with printing and for assignment of counsel denied. A *timely* notice of appeal was not served or filed. Where the appellant or his attorney has failed or neglected to file or serve a timely notice of appeal, the court cannot enlarge appellant's time to appeal (cf. *People* v. *Kling,* 19 A D 2d 750, affd. 14 N Y 2d 571; *People* v. *Marchese,* 19 A D 2d 728, affd. 14 N Y 2d 695). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.